**Salvador TORO, Petitioner–Appellant,**

**v.**

**Warden J.W. FAIRMAN and Attorney General of the State of Illinois, Respondents–Appellees.**

**No. 89–3617.**

United States Court of Appeals, Seventh Circuit.

Argued June 19, 1991.

Decided Aug. 19, 1991.

Kenneth A. Kozel (argued), LaSalle, Ill., for petitioner-appellant.

---

Carol L. Edelson (argued), Crim. Appeals Div., William P. Pistorius, Asst. Atty. Gen., Civil Actions Bureau, Chicago, Ill., for respondents-appellees.

Before CUMMINGS, POSNER and COFFEY, Circuit Judges.

CUMMINGS, Circuit Judge.

Salvador Toro appeals from the judgment of the district court denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We affirm.

## I. FACTS AND PROCEDURAL HISTORY

Toro and three co-defendants were charged in state court with delivery of a controlled substance. In exchange for a plea of guilty, the state prosecutor offered Toro the minimum six-year sentence. Toro rejected the plea offer on the advice of his public defender. Toro's case proceeded to trial. The public defender put Toro on the stand and, through an interpreter, elicited a confession, which the prosecution fleshed out in detail on cross-examination, establishing each element of the delivery charge. The public defender's theory of defense was to hold the state to its burden of proving guilt beyond a reasonable doubt and to argue that all Toro had done was exercise poor judgment. The jury returned a guilty verdict.

The public defender explained at sentencing that he advised Toro not to accept the plea because he "did not think that [Toro] should be in jail" and acknowledged that

maybe he had become too emotionally involved in the case and had made a "possible mistake." The state court sentenced Toro to twenty years' imprisonment.

The Illinois Appellate Court affirmed Toro's conviction. The Illinois Supreme Court denied his petition for leave to appeal. Toro then filed *pro se* a petition for a writ of habeas corpus in the district court. Toro alleged that he was denied the effective assistance of trial counsel during plea negotiations and at trial. The district court denied the petition. Toro filed a timely notice of appeal.

Toro raises two issues on appeal. First, he argues that the district court erred when it failed to address the argument that his sentence was disparate with that of his three co-defendants[1] in violation of his right to be free from cruel and unusual punishment and his right to due process and equal protection. Second, he argues that he was denied the effective assistance of trial counsel.

## II. CASE LAW & ANALYSIS

### A. *Disparity of Sentence*

■ Toro first contends that the district court erred when it failed to rule on the issue of the disparity of sentence between him and his three co-defendants. In his habeas petition, Toro reported that he had raised this issue before the state appellate court, but he failed to list it as grounds for habeas relief. Not only did he fail to list it in the petition,[2] but he failed to argue it in his supporting memorandum. Al-

---

1. Each of Toro's co-defendants entered into agreements with the state. These were similar to the agreement Toro rejected. Two of the co-defendants received six years' imprisonment; the third, seven years' because of additional felony charges.

2. Toro listed a single ground for relief in his habeas petition—"Ineffective assistance of trial counsel during plea negotiations and his decision to proceed to trial without trial strategy." Toro's only reference to disparity of sentence was made in a paragraph outlining the facts supporting his ineffectiveness claim. Toro stated:

> Petitioner was denied effective assistance of counsel when during plea negotiations his

counsel advised him to reject any offer based on counsel's belief, expressed during sentencing, that "he (petitioner) should not be in jail." Counsel then preceded [sic] to a jury trial in which the petitioner's testimony alone was sufficient for a conviction. Petitioner subsequently received three times the minimum, while all of his co-defendants accepted pleas and received the minimum sentence even though the evidence at petitioner's trial showed them to be more culpable.

Although Toro thoroughly argued the ineffective assistance issue in a supporting memorandum of law, he provided no argument in support of a disparity of sentence claim.

though federal courts liberally construe the pleadings of *pro se* litigants, the courts have no obligation to reach an issue that was not raised. *See Kensington Rock Island v. American Eagle Hist. Partners*, 921 F.2d 122, 125 & n. 1 (7th Cir.1990); *United States v. Towns*, 913 F.2d 434, 438 n. 1 (7th Cir.1990). The district court did not err in failing to address the disparity issue. Furthermore, Toro has not argued that there are any "exceptional circumstances where justice demands more flexibility." *See Towns*, 913 F.2d at 438 n. 1 (citing *International Travelers Cheque Co. v. BankAmerica Corp.*, 660 F.2d 215, 225 (7th Cir.1981)).

### B. *Ineffective Assistance of Counsel*

Toro next contends that he was denied effective assistance of counsel during plea negotiations and at trial. Specifically, Toro argues that counsel was ineffective in advising him to reject the plea bargain based on his feeling that Toro should not be in jail. Toro also argues that counsel was ineffective in the way he handled the trial. Toro lists twenty-three alleged errors that counsel made at trial. Because Toro only raised three of these in the district court, the other alleged errors are not properly before us on review. *See Garlington v. O'Leary*, 879 F.2d 277, 282 (7th Cir.1989).

The three alleged errors that are properly before us are: (1) counsel advised Toro to reject the plea offer because he did not feel that Toro should be in jail; (2) counsel did not have certain discovery materials at trial; and (3) counsel put Toro on the stand to admit to the elements of the offense and then argued that all this proved was poor judgment. The district court did not differentiate Toro's arguments regarding the plea and trial, but rejected them all out of hand. The court stated: "The Court is not persuaded that the evidence Toro points to is sufficient to rebut the presumption of competent representation." To show prejudice, Toro offered his own after-the-fact statements that, but for counsel's advice, there was a reasonable probability that he would have accepted the plea. The district court found this insufficient to establish that Toro was prejudiced by counsel's ad-vice. The district court did not make a finding as to whether Toro had shown prejudice for counsel's alleged trial errors.

We review Toro's ineffective assistance claim under the familiar two-part test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, Toro must show that "counsel's representation fell below an objective standard of reasonableness." *See id.* at 687–88, 104 S.Ct. at 2064. Our review of counsel's performance must be highly deferential, and we must avoid the temptation to second-guess counsel. *See id.* at 689, 104 S.Ct. at 2065. Second, Toro must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See id.* at 694, 104 S.Ct. at 2068. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

### 1. *Did counsel's advice to reject the plea and proceed to trial violate Toro's right to the effective assistance of counsel?*

A criminal defendant has a right to effective assistance of counsel in deciding whether to accept or reject a proposed plea agreement. *See Johnson v. Duckworth*, 793 F.2d 898, 900–02 (7th Cir.), *cert. denied*, 479 U.S. 937, 107 S.Ct. 416, 93 L.Ed.2d 367 (1986); *accord United States ex rel. Caruso v. Zelinsky*, 689 F.2d 435, 438 (3d Cir.1982) (decision to reject proffered plea and plead not guilty is a vitally important decision and occurs at a critical stage at which right to effective assistance of counsel attaches); *Beckham v. Wainwright*, 639 F.2d 262, 267 (5th Cir.1981) (incompetent advice to withdraw negotiated guilty plea and instead stand trial violates defendant's right to effective assistance of counsel); *Turner v. State of Tennessee*, 664 F.Supp. 1113, 1118–21 & n. 15 (M.D. Tenn.1987) (incompetently counseled decision to go to trial falls within sixth amendment protection), *aff'd*, 858 F.2d 1201 (6th Cir.1988), *vacated on other grounds*, 492 U.S. 902, 109 S.Ct. 3208, 106 L.Ed.2d 559 (1989).

■ We do not believe Toro received competent assistance. At the time counsel advised Toro to proceed to trial, his investigation should have indicated to him that the evidence against Toro was very strong. There were few, if any, viable defenses. Prior to trial, counsel told the trial court that neither mistaken identity nor entrapment were serious defenses. At sentencing, counsel admitted that the decision to proceed to trial was not so much a rational, professional judgment, but an emotional one. Counsel characterized his advice as a "possible mistake." Counsel seems to have believed that all Toro thought he was doing was introducing two people who wanted to do some "business." Had counsel possessed a thorough understanding of his client's actions and the law, he should have realized that it was no defense that Toro did not understand the gravity of what he was doing. Toro did not simply introduce the undercover agent-buyer and supplier or give the agent the supplier's telephone number. Toro kept that information to himself and controlled the transaction as the middleman. It took Toro two days to coordinate a meeting between the parties. After successfully arranging the deal, he waited around for his commission. It was incredibly naive for counsel to get so caught up in Toro's case that he was unable to evaluate it objectively.

In addition, Toro was a particularly vulnerable defendant. Toro speaks and understands so little English that an interpreter was necessary throughout the proceedings. Such a defendant is especially dependent on counsel to guide him through the criminal justice system. In light of Toro's involvement, it was objectively unreasonable for counsel to advise Toro to reject the proffered plea based on his emotional reaction to the case.

Toro must also show that counsel's incompetent assistance prejudiced him. That is, Toro must establish through objective evidence that there is a reasonable probability that, but for counsel's advice, he would have accepted the plea. *Cf. Strick-*

*land,* 466 U.S. at 694, 104 S.Ct. at 2068. Toro's claim fails on this ground. In his habeas petition and supporting memorandum, Toro never states that he would have accepted the plea. The memorandum merely states: "[Toro] would have to have been insane not to accept the plea agreement for the minimum sentence."

The district court was correct in its call that Toro did not carry his burden of establishing prejudice. Toro's statement is self-serving and alone, insufficient to establish that, but for counsel's advice, there is a reasonable probability that he would have accepted the plea. *See Johnson,* 793 F.2d at 902 n. 3. Toro has not identified any objective evidence in support of his claim of prejudice.

### 2. *Did counsel render ineffective assistance at trial?*

Toro also argues that counsel's performance at trial was ineffective. Specifically, Toro points to two errors: (1) counsel's decision to have him confess to the elements of the offense and then argue that these admissions only proved "poor judgment," and (2) counsel's failure to obtain copies of certain discovery materials.

■ Most troublesome is counsel's decision to put Toro on the stand where he admitted to the elements of the offense. Having done this, the only possible defense was entrapment, but counsel failed to argue it or seek an entrapment instruction.[3] Instead counsel argued that what Toro did was "poor judgment." This is no defense. This court has held that "[t]he spectrum of counsel's legitimate tactical choices does not include abandoning a client's only defense in the hope that a jury's sympathy will cause them to misapply or ignore the law they have sworn to follow." *United States ex rel. Barnard v. Lane,* 819 F.2d 798, 805 (7th Cir.1987). Hoping that the jury would ignore the law and be merciful in light of Toro's confession was not objectively reasonable.

3. Sometime before trial, counsel stated that he might pursue an entrapment defense, but never did so. As counsel acknowledged to the trial court, this was not a serious defense, which makes counsel's action in putting Toro on the stand even less defensible.

Nor can counsel's action be dismissed as a tactical decision. Had counsel not put Toro on the stand, but held the government to its burden, this would have been a viable tactical decision. To put Toro on the stand and have him make the government's case without offering a defense is not. Counsel's performance was not objectively reasonable.

It is a closer question whether Toro can show prejudice from counsel's trial errors. The evidence against Toro was very strong. The government's witnesses were credible. Toro was hard-pressed for a defense. These considerations lead us to conclude that there is not a reasonable probability that, but for counsel's errors, the result of the trial would have been different. We conclude that Toro was not prejudiced.

Toro also alleged that counsel erred by failing to secure copies of the various police and laboratory reports. While this shows that counsel was not thoroughly prepared, for the reasons discussed above, it is not reasonably probable that, but for counsel's failure to obtain these reports, the result of the trial would have been different.

## III. CONCLUSION

Counsel's performance in handling the plea offer and trial was ineffective. Nevertheless, it is not clear that, but for counsel's advice, Toro would have accepted the proffered plea. Nor is it clear that, but for counsel's errors at trial, the result of the trial would have been different. For these reasons, we AFFIRM the judgment of the district court.

AFFIRMED.