**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Robert J. PATERS, Defendant–Appellant.**

No. 92–3816.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 15, 1993.

Decided Feb. 8, 1994.

Rehearing and Suggestion for Rehearing En Banc Denied March 23, 1994.

R. Jeffrey Wagner, Asst. U.S. Atty. and Gail Joy Hoffman (argued), Office of the U.S. Atty., Milwaukee, WI, for plaintiff-appellee.

Dennis P. Coffey (argued), Coffey, Coffey & Geraghty, Milwaukee, WI, for defendant-appellant.

Before CUDAHY, RIPPLE and ROVNER, Circuit Judges.

ILANA DIAMOND ROVNER, Circuit Judge.

A jury found Robert Paters guilty of conspiring to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) & 846 and 18 U.S.C. § 2. He was sentenced to 121 months of incarceration to be followed by five years of supervised release, and he was fined $2500. Paters raises two issues on appeal. He argues that the trial court erred in refusing to give his proffered theory of defense instruction and that the court erroneously calculated the amount of cocaine for sentencing purposes. We address his arguments in turn.

### I. Jury Instruction

Paters argues that the district court wrongfully refused to give his proffered in-

struction stating that the jury must acquit Paters if it found that the evidence established a mere buyer-seller relationship rather than a conspiracy. The proposed instruction read:

> With respect to Count One of the Indictment, the conspiracy charge, it is Defendant Paters' theory of defense that any relationship established by the evidence in this case proves the existence of a buyer-seller relationship as opposed to a conspiracy. A sale, by definition, requires two parties. The combination of two parties in a buyer-seller relationship does not increase the likelihood that a sale will take place, so conspiracy liability would be inappropriate. A buy-sell transaction is not probative of an agreement to join together to accomplish a criminal objective beyond that already being accomplished by the transaction.
>
> As a consequence, if you find that the evidence establishes a buyer-seller relationship and does not establish beyond a reasonable doubt any prior or contemporaneous understanding among the parties beyond the mere sale agreements, you must find the Defendant Paters not guilty of Count One of the Indictment.

(R. 44). The Court did not refuse to present that theory of defense, but gave the following instruction instead of the one that Paters had proffered:

> Further, it is the defendant's theory of defense that any relationship established by the evidence in this case is only that of a buyer-seller rather than a conspiracy. Evidence of a mere buyer-seller relationship without more is insufficient to support a finding of guilt on the charge of conspiracy to possess with intent to distribute cocaine. *However, if you find that the alleged co-conspirators had a mutual understanding—an agreement to agree—to facilitate the achievement of a common goal, namely the continued unlawful possession with intent to distribute cocaine, you may conclude that a conspiracy existed.*

(R. 41 at 18) (emphasis added). Paters objects to the italicized portion of the instruc-

tion, arguing that it misstated the law and effectively prevented the jury from being instructed regarding his theory of defense.

■ A criminal defendant is entitled to have his theory of defense presented to the jury so long as it is supported by the law and has some, even tenuous, foundation in the evidence. *United States v. Douglas,* 818 F.2d 1317, 1320 (7th Cir.1987), *cert. denied,* 493 U.S. 841, 110 S.Ct. 126, 107 L.Ed.2d 87 (1989); *see also United States v. Briscoe,* 896 F.2d 1476, 1512 (7th Cir.), *cert. denied,* 498 U.S. 863, 111 S.Ct. 173, 112 L.Ed.2d 137 (1990). Although a defendant is entitled to have his *theory* presented to the jury, however, he is not entitled to have his particular instruction tendered. *Briscoe,* 896 F.2d at 1512; *Douglas,* 818 F.2d at 1320.

■ Paters argues that he was denied his right to have the jury hear his theory of defense because the court's instruction wrongfully suggested that an "agreement to agree" to commit the crime is sufficient to establish a conspiracy. He contends that the evidence must instead establish an agreement "related to acts essential to the commission of the crime." (Paters Brief at 11–12). For that proposition he relies on our statement in *United States v. Townsend,* 924 F.2d 1385, 1394 (7th Cir.1991), that conspiracies are " 'agreements to agree' on the multitude of decisions and acts necessary to successfully pull off a crime...."

But whatever element Paters now suggests was missing from the court's instruction was missing from his proffered instruction as well. Contrary to Pater's characterization on appeal, his own tendered instruction lacked the emphasis that he now claims was missing from the court's instruction. Referring only to "an agreement to join together to accomplish a criminal objective beyond that already being accomplished by the transaction" and "any prior or contemporaneous understanding among the parties beyond the mere sale agreements," the proffered instruction did not state that there must have been an agreement to commit the acts requisite to commission of an additional crime.[1]

---

1. Paters also proffered an instruction on conspiracy that included general language such as "the

members in some way came to mutual understanding to try to accomplish a common and

Indeed, the given instruction seems much clearer in that regard. The jury was instructed that it must find "an agreement to agree—to facilitate the achievement of a common goal, namely the continued unlawful possession with intent to distribute cocaine." In other words, the jury was instructed, consistent with Paters' theory, that in order to find a conspiracy it must find an agreement to commit a crime beyond the mere sales transaction, in this case possession with intent to distribute cocaine.

That instruction is consistent with the law of this circuit. We have repeatedly held that evidence of a mere buyer-seller relationship is insufficient to support a conviction for conspiracy. See, e.g., United States v. Lechuga, 994 F.2d 346, 349 (7th Cir.) (en banc), cert. denied, —— U.S. ——, 114 S.Ct. 482, 126 L.Ed.2d 433 (1993); Townsend, 924 F.2d at 1394. As we explained in Townsend, that is true because "[t]he buy-sell transaction is simply not probative of an agreement to join together to accomplish a criminal objective beyond that already being accomplished by the transaction." 924 F.2d at 1394. In Lechuga we reiterated that "[w]hat is necessary and sufficient is proof of an agreement to commit a crime other than the crime that consists of the sale itself." 994 F.2d at 347. The district court's instruction properly restates that law.

Paters' proposed instruction did not include any legally supportable additional elements—indeed it is unclear that it included any additional elements at all. Paters was not therefore deprived of his right to have his theory of defense presented to the jury. The jury heard all elements of his theory.

## II. Cocaine Amount

▮ Paters next contests the district court's determination for sentencing purposes that his crime involved in excess of five kilograms of cocaine. We review the sentencing court's determination of drug amounts for clear error, deferring to its credibility determinations. United States v. Pitz, 2 F.3d 723, 727 (7th Cir.1993). In a drug conspiracy, each conspirator is responsible not only for amounts with which he was

directly involved, but also for amounts involved in transactions by co-conspirators that were reasonably foreseeable to him. United States v. Smith, 3 F.3d 1088, 1099 (7th Cir. 1993), cert. denied, —— U.S. ——, 114 S.Ct. 733, 126 L.Ed.2d 696 (1994); Pitz, 2 F.3d at 727; United States v. Goines, 988 F.2d 750, 775 (7th Cir.), cert. denied, —— U.S. ——, 114 S.Ct. 241, 126 L.Ed.2d 195 (1993).

Paters' pre-sentence report ("PSR") concluded that he was responsible for between five and fifteen kilograms of cocaine based on the following evidence from Paters' trial:

1. Co-defendant Larry Dutton testified that he obtained cocaine from Paters for both personal use and re-distribution between 1981 and 1988, and that during that period he had observed various quantities of cocaine in Paters' residences. (PSR ¶ 6).

2. In September 1988, Dutton delivered most of a one to two kilogram shipment of cocaine to Paters on a "front" basis, and Paters repaid Dutton with proceeds from subsequent sales. (PSR ¶ 7).

3. In November 1988, Paters travelled to Connecticut. He received two kilograms of cocaine from co-defendant Edward Lipnickas in exchange for $20,000. After that cocaine was transported to Green Bay, Paters distributed one kilogram and assisted Dutton in distributing the other. (PSR ¶¶ 8–9).

4. Between January and July of 1989, Dutton travelled to Connecticut three or four times, picking up one to two kilograms of cocaine on each trip. Dutton testified that he resold most of this cocaine to Paters. (PSR ¶ 10).

5. Dutton estimated that he had purchased approximately fifteen kilograms of cocaine from Lipnickas during the course of the conspiracy. Lipnickas believed that he had sold about ten kilograms to Dutton.

At Paters' sentencing hearing, his counsel conceded that he could properly be held responsible for the two kilograms he had purchased from Lipnickas in Connecticut, but argued that the evidence did not support sentencing Paters for any additional

unlawful plan," but also failed to make the point that Paters now asserts. (See R. 43).

amounts. (Nov. 9, 1992 Tr. at 8). He argued that the testimony of Dutton and Lipnickas, on which the calculation was based, was not credible because their testimony was at points inconsistent with that of other witnesses and of one another, as well as with their own earlier statements to the government. (*Id.* at 4–9).

The district court responded:

I don't think . . . this is even a close question in this case. . . . [L]ike many times in cases, not every witness tells or recalls the specific facts of certain events in precisely the same manner as a witness who may have testified before them. And, frankly, in my 20–some–odd years of experience, any time that other witnesses' testimony is in lock step with that on each detail with other witnesses, it's very clear that matters are scripted, as it were, and nobody deviates from the script. So the fact that there were some disparities, in my view, is also not controlling but, rather, the continuum of the course of conduct that began in 1988.

You say or suggest that your client was not involved in any further cocaine activities with Dutton after February of 1989. It is clear from—as what I recall the testimony and as it is reflected in paragraphs 10 and 11 of the presentence report, that there were multiple trips between January and July of 1989. And the fact that the majority of that cocaine is resold to your client I think more than amply demonstrates that your client was involved in multiple kilograms. Whether it's 10, 11 or 13, it is clearly well over the threshold of 5.

And so within the—within the guidelines that are otherwise applicable, I think the court, knowing what the statutory minimum is in the case, can frame an appropriate sentence. So I reject your position that your client was involved in less than five kilograms of cocaine insofar as rele-

vant conduct to be taken into account as part of the court's sentence.

(*Id.* at 11–12).

■ On appeal, Paters argues that the district court wrongfully included as relevant conduct amounts that were attributable to the conspiracy as a whole without making any "independent, specific findings" that the conspiratorial agreement was broad enough to encompass those amounts. He contends that the district court failed to follow the dictates of Application Note 2 to Guidelines section 1B1.3, which provides guidance for calculating relevant conduct in conspiracy cases. But Paters' argument misses the mark, because the court's quantity calculation was not based on derivative liability. The quoted portion of the court's discussion makes clear that its finding was based only on amounts for which Paters was directly responsible. The scope of the conspiratorial agreement was therefore irrelevant to the court's finding. The district court's calculation was based on the evidence presented at trial, and its credibility determination was clearly articulated and well within the bounds of its discretion. Its determination of cocaine amount therefore was not clearly erroneous.[2]

## III. Conclusion

Paters' conviction and sentence are affirmed.

**2.** Both below and on appeal, Paters has noted that one of the jurors from Paters' trial had written a letter to the district court stating that she believed Paters was responsible only for the two kilograms he had purchased when he travelled to Connecticut. The district court's decision to disregard that letter because sentencing determinations are not within the jury's province and are subject to a different standard of proof (*see* Nov. 9, 1992 Tr. at 10–11) was entirely appropriate.