# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 97-3938

———————

Darrell Levan Moses,                    *
                                        *
          Appellant,                    *
                                        *    Appeal from the United States
     v.                                 *    District Court for the District
                                        *    of Minnesota.
United States of America,               *
                                        *    [UNPUBLISHED]
          Appellee.                     *

———————

Submitted:  December 15, 1998
Filed:  April 2, 1999

———————

Before FAGG, HEANEY, and WOLLMAN, Circuit Judges.

———————

PER CURIAM.

     While incarcerated at a federal facility, Darrell Levan Moses was charged with two counts of inmate assault and one count of possession of a prohibited object. See 18 U.S.C. §§ 113(f), 1791(a)(2) (1988).  Before trial, the Government offered Moses a sixty-month sentence and agreed to drop the assault charges if Moses pleaded guilty to the possession charge.  Moses rejected the plea agreement.  At trial, the jury acquitted Moses of one count of assault but convicted him of the other two charges, and the district court then sentenced Moses to 120 months in prison.  After Moses's conviction was affirmed, Moses moved to have his sentence vacated, set aside, or corrected, arguing he received ineffective assistance of counsel during plea

negotiations. See 28 U.S.C. § 2255 (Supp. II 1996). The district court denied the motion without granting Moses an evidentiary hearing. Moses appeals, and we affirm.

Moses contends the district court should have granted him an evidentiary hearing on his ineffective assistance of counsel claim. We disagree. Moses is not entitled to an evidentiary hearing if the allegations in his motion, the files, and the records of the case, "accepted as true, would not entitle [him] to relief, or . . . the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995). To obtain relief on his ineffective assistance of counsel claim, Moses must show both that his counsel's performance fell below an objective standard of reasonableness and that this deficient performance prejudiced his defense. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984); Hill v. Lockhart, 474 U.S. 52, 58-59 (1985); Engelen, 68 F.3d at 241. If Moses cannot establish prejudice, we need not consider whether his counsel's performance was deficient. See Strickland, 466 U.S. at 697; Engelen, 68 F.3d at 241. To establish prejudice and receive an evidentiary hearing, Moses must present some nonconclusory, credible evidence showing there is a reasonable probability that, but for his counsel's advice, he would have accepted the plea agreement. See Engelen, 68 F.3d at 241; Paters v. United States, 159 F.3d 1043, 1047 (7th Cir. 1998).

As the district court properly concluded, Moses has not presented any nonconclusory, credible evidence supporting his prejudice claim. Instead, Moses offers only his own self-serving statements made in his pro se § 2255 motion and brief that he would have accepted the plea agreement had his counsel explained that the agreement did not require Moses to plead guilty to the assault charges and that Moses's career offender status guaranteed him the statutory maximum sentence of 120 months if convicted of assault at trial. Moses's conclusory statements alone are not the sort of objective evidence required to establish a reasonable probability that he would have accepted the plea agreement absent his counsel's allegedly deficient performance. See

Engelen, 68 F.3d at 241 (defendant was not entitled to hearing because defendant presented no objective evidence that he would have admitted his guilt before trial); Toro v. Fairman, 940 F.2d 1065, 1067-68 (7th Cir. 1991) (defendant was not entitled to hearing because no objective evidence supported his self-serving claims of prejudice in plea negotiations); Diaz v. United States, 930 F.2d 832, 834-35 (11th Cir. 1991) (same); cf. Paters, 159 F.3d at 1046-48 (parental affidavits and government admissions were objective evidence supporting defendant's self-serving statements and warranting a hearing).

Moses's after-the-fact statements are also contradicted by the record. See Jones v. Wood, 114 F.3d 1002, 1012 (9th Cir. 1997). Moses now claims he would have accepted the plea agreement, but he was unwilling to plead guilty to the assault charges and he thought the plea agreement required him to do so. Nowhere in his pro se submission, however, is there any indication Moses ever told his attorney he would be willing to plead guilty to the possession charge. Similarly, Moses now claims he also rejected the plea agreement with its sixty-month sentence because, in his experience, a defendant convicted at trial always received less than the statutory maximum sentence. Moses states he decided to go to trial because he thought, if convicted, he would receive approximately the same sentence as the one offered in the plea agreement. Yet, Moses acknowledges his attorney told him during their discussion of the plea agreement that he would be sentenced as a career offender if he went to trial and admits he understood "that he faced a maximum penalty [for the assault charge] of ten years (one hundred twenty months)" if convicted. Although Moses now contends he did not understand the effect his career offender status would have on his sentence, Moses never complained or objected at sentencing when he was given the statutory maximum, a sentence twice as long as the one Moses now says he expected to receive. Moses further admits that, despite his awareness of his maximum sentencing exposure, he went to trial because his attorney told him he stood a good chance of winning his case. Moses now claims his defense was hopeless and his attorney misrepresented his chances. Contrary to Moses's view, the jury acquitted

Moses of one of the assault charges and the district court, in denying Moses's § 2255 motion, found Moses's trial counsel provided a strong defense and accurately assessed the strength of Moses's case. In short, Moses knew he faced a possible ten-year sentence if convicted of assault, he chose to gamble on acquittal, and he cannot now shift gears and credibly complain about his choice.

Given the absence of any nonconclusory, credible evidence supporting Moses's self-serving postconviction statements that he would have accepted the plea agreement absent his counsel's allegedly deficient performance, we conclude his statements are not sufficient to establish a reasonable probability he would have done so. Thus, the district court did not abuse its discretion in denying Moses's § 2255 motion without an evidentiary hearing, and we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-