Robert J. PATERS, Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

No. 99–4123.

United States Court of Appeals, Seventh Circuit.

Argued April 25, 2001.

Decided June 27, 2001.

Before COFFEY, MANION, and ROVNER, Circuit Judges.

## ORDER

This appeal is successive to *Paters v. United States*, 159 F.3d 1043 (7th Cir. 1998), and arises from Paters' collateral attack on his 1992 conviction after a jury trial for conspiracy to possess cocaine with intent to distribute, 21 U.S.C. §§ 846, 841(a)(1). Paters was sentenced to 121 months and claims that trial counsel advised him to reject a five-year plea offer on the mistaken premise that five years was all that Paters could get even after trial. The district court initially reviewed Paters' motion to vacate, *see* 28 U.S.C. § 2255, and dismissed it without an evidentiary hearing on the belief that, as a matter of law, Paters could not establish *Strickland* prejudice. In the prior appeal a divided panel concluded that the district court used the wrong standard in evaluating prejudice and thus remanded for an evidentiary hearing on the "ultimate issue" whether there existed a "reasonable probability that Paters would have accepted the plea deal but for his attorney's advice." On remand the district court again denied relief, this time citing a "complete lack of objective evidence" that Paters would have accepted the purported five-year plea offer absent counsel's erroneous advice. Paters

now argues that in taking evidence on remand the district court impermissibly expanded the narrow issue before the court; he also contends that the district court wrongly found that he would not have accepted the plea agreement. We affirm.

## I. Background

From 1988 to 1991 Paters and two codefendants, Lawrence Dutton and Edward Lipnickas, conspired to distribute more than five kilograms of cocaine in Green Bay, Wisconsin. As part of the scheme, Dutton made numerous trips to Connecticut where he purchased cocaine from Lipnickas. Paters admitted to trial counsel that he made one trip to Connecticut to purchase two kilograms of drugs from Lipnickas, but he denied any further involvement in the conspiracy. At trial Paters presented a buyer-seller defense based on his claim that he was involved only in a single drug transaction. The jury apparently did not believe Paters and found him guilty on the conspiracy charge. At sentencing the district court rejected Paters' attempt to limit his responsibility to two kilograms of cocaine and instead found that he was directly responsible for well over five kilograms. The court's finding subjected Paters to a 10–year mandatory minimum sentence. *see* 21 U.S.C. § 841(b)(1)(A)(ii), and based on the actual drug quantity Paters received 121 months in prison, the bottom of the applicable Guideline range. This court affirmed his conviction and sentence on appeal. *See United States v. Paters,* 16 F.3d 188 (7th Cir.1994).

In 1996 Paters filed a § 2255 motion claiming, as relevant here, that he received ineffective assistance of counsel during plea negotiations. In his motion Paters alleged that counsel advised him that he had "nothing to lose" by going to trial because Paters could not be held responsible for more than two kilograms of cocaine

whether or not he pleaded guilty. Paters averred that three days before trial the government had offered him a five-year sentence in exchange for pleading guilty, but he rejected the offer because counsel once again told him that he had nothing to lose by going to trial. According to Paters, counsel did not discuss the Sentencing Guidelines or explain how concepts such as relevant conduct and acceptance of responsibility could affect his sentence. Paters supported his allegations with his own affidavit and affidavits from his parents.

In its response the government accepted as true Paters' factual allegations. Although not specifically conceding that Paters' counsel had been deficient, the government made no argument concerning the performance prong of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The government instead argued that Paters' § 2255 motion should be denied on the second *Strickland* prong because he could not demonstrate that he was prejudiced by his counsel's performance.

The district court denied Paters' motion, holding that Paters could not demonstrate prejudice because there was not a "significant difference" between the prison sentence he received and the sentence he could have received had he pleaded guilty. *See Durrive v. United States,* 4 F.3d 548 (7th Cir.1993). The court stated that, despite Paters' contention otherwise, the government could not have promised him a five-year sentence because the sentencing court ultimately makes guideline determinations. The district court noted that Paters admitted he was involved with two kilograms of cocaine, and therefore even if he had pleaded guilty the drug quantity would have subjected him to a sentence of 78 to 97 months.

This court vacated the district court's ruling, holding that the court had erred in relying on *Durrive* for its prejudice analysis. *See Paters*, 159 F.3d at 1046. We held that rather than considering differences in potential sentences the district court should have applied the prejudice inquiry established in *Toro v. Fairman*, 940 F.2d 1065 (7th Cir.1991). Under *Toro* a defendant must show (1) through objective evidence that (2) there existed a reasonable probability that he or she would have accepted the proposed plea agreement absent defense counsel's advice. *See id.* at 1068. We concluded that Paters had not submitted evidence establishing that he would have *accepted* the proposed plea agreement, but that his parents' affidavits "in conjunction with the government's factual concessions" at least warranted an evidentiary hearing. *See Paters*, 159 F.3d at 1047–48. We remanded for such a hearing. *See id.* at 1048–49.

The district court held an evidentiary hearing in February 1999. The government called former assistant United States attorney Robert Wagner, who prosecuted Paters, and Paters' trial attorney, Dennis Coffey. Paters objected, arguing that this court's opinion remanding the case limited the scope of the remand to a hearing on the prejudice issue only and that Wagner's and Coffey's testimony would exceed the scope of the remand by addressing the performance prong. The district court overruled Paters' objection, stating that the goal of the hearing was to "find the truth," and that nothing in the record suggested that the district court would have accepted the plea Paters alleged he was offered.

The testimony at the hearing clarified that the "five-year deal" Paters alleges he was offered was not in fact a plea bargain guaranteeing a sentence of five years. Rather, what the government had proposed was an agreement under which it would stipulate that Paters was responsible for just two kilograms of cocaine, thereby subjecting him to a five-year mandatory minimum sentence rather than the 10–year minimum that would apply for a cocaine quantity of five kilograms or more. Coffey testified that Wagner contacted him shortly before trial and offered a plea of the type just described. Wagner could not recall whether a plea offer had been made but said that the five-year mandatory minimum deal would have been the "standard" offer at the time in cases such as Paters'.

Coffey's testimony at the hearing contradicted Paters' contentions regarding Coffey's performance. Coffey testified that he conversed with Paters about the plea offer, and though he could not remember the specifics, he was sure that he "would have explained to Mr. Paters, on the one side, you have our trial strategy; on the other, you have the deal." Coffey also related that he discussed with Paters the Sentencing Guidelines and their ramifications for Paters. Coffey denied that he ever tells a client what to do with a plea offer; instead, he explains the options and Sentencing Guidelines and then lets the client decide what to do. Coffey also denied ever in 26½ years as a defense lawyer telling a client that "he has nothing to lose" by going to trial.

At the hearing Paters presented a much different story. He testified that Coffey never explained the Guidelines or how concepts such as relevant conduct and acceptance of responsibility applied to his case. Paters insisted that he had only a 1½-minute telephone conversation with Coffey about the plea offer during which Coffey offered no advice on whether or not to accept the plea. Paters said he rejected the plea during that conversation because Coffey had previously given him the impression that five years was the most he could get if he went to trial, and because

he was not properly informed about the consequences of going to trial. Upon being asked "if before the trial started you had known that you could get 120 months if you went to trial and were convicted and the government was offering 60 months if you pled guilty, would you have taken the plea," Paters responded "definitely." Paters acknowledged, however, that he was advised at his arraignment that he faced a sentence of 10 years to life. Furthermore, Paters provided conflicting testimony regarding whether or not Coffey told him once the plea offer was on the table that he had nothing to lose by going to trial. Paters also admitted that the day before trial, after he had already declined the plea offer, he met with Coffey for 90 minutes but did not bring up the plea offer.

Paters' father and mother also testified at the hearing. Paters' father related that Coffey told him Paters could not get more than five years in prison by going to trial and that Paters had nothing to lose by going to trial. Paters' mother likewise testified that Coffey told her that Paters would get at most five years, and she added that Paters told her that if a plea bargain were offered he would take it.

In September 1999 the district court again denied Paters' § 2255 motion, this time citing a "complete lack of objective evidence indicating that Paters would have accepted the plea offer but for his counsel's advice." The district court found that Coffey discussed the plea offer and trial strategy with Paters and that Paters knowingly rejected the government's plea offer. The court noted that the record demonstrated Paters' awareness that he faced a 10–year sentence if he went to trial. Furthermore, the court found Coffey's testimony about his advice during the plea negotiations more credible than Paters', especially given that Paters never complained at his sentencing hearing about his counsel's representation. Finally, the

court concluded that Paters had not presented any objective evidence that he wanted to accept a plea offer. The court noted that even though Paters' mother said he told her he would accept any plea agreement offered, Paters himself admitted that he rejected the plea offer after a phone call that lasted only 1½ minutes.

## II. Analysis

### A. Scope of the Remand

Paters contends that on remand the district court erred in permitting the prosecutor and his trial counsel to testify about the plea negotiations. Paters' argument is two-fold. First, he asserts that this court limited the scope of its remand to a hearing on the prejudice issue only. Second, he contends that the district court exceeded the scope of that remand because the testimony of the prosecutor and Paters' trial counsel addressed the performance prong of the *Strickland* analysis rather than the prejudice prong.

Under what is known as the mandate rule, when an appellate court remands a case to the district court, that court may not decide issues beyond the scope of the mandate. *See Pearson v. Edgar,* 153 F.3d 397, 405 (7th Cir.1998); *United States v. Polland,* 56 F.3d 776, 777 (7th Cir.1995). If the opinion identifies a specific error to be corrected "without the need for a redetermination of other issues" the district court may address the identified error only. *United States v. Parker,* 101 F.3d 527, 528 (7th Cir.1996); *Polland,* 56 F.3d at 777 (court's mandate stating that "the case is remanded for resentencing on the issue of obstruction of justice" limited district court to addressing obstruction of justice issue). Where, however, no specific issue is identified, the scope of the mandate is determined by reading the opinion as a whole. *See Moore v. Anderson,* 222 F.3d 280, 283 (7th Cir. 2000); *Parker,* 101 F.3d at 528.

■ We agree that the scope of our remand was limited. In light of the government's failure to challenge Paters' assertion that his counsel's performance was ineffective, our prior opinion made clear that the performance prong was not at issue on remand. The majority opinion specifically noted that "only the prejudice prong remains" in the appeal, and concluded by stating that "[a]lthough the district court said that the government conceded all relevant facts, it is not clear whether the government has conceded the ultimate issue—that there is a reasonable probability that Paters would have accepted the plea deal but for his attorney's advice. We remand for a hearing on this issue." *Paters*, 159 F.3d at 1046, 1048–49. Furthermore, Judge Rovner noted in her concurrence that only the prejudice prong remained, *see id.* at 1050, and in his dissent Judge Coffey referred to the court remanding for a hearing that would "focus solely" on the issue of prejudice, *id.*

■ We disagree, however, with Paters' contention that the district court exceeded the scope of the remand. In fact, our prior opinion specifically endorsed the precise expansion of the record—the testimony of the prosecutor and Paters' trial counsel—that Paters now challenges. We noted that the district court had "a variety of options at its disposal," and cited Rule 7 of the Rules Governing Section 2255 Proceedings, which allows a district court to expand the record "by the inclusion of additional materials relevant to the determination of the merits of the motion." *Paters*, 159 F.3d at 1049. We also specifically noted that two ways in which Paters could show prejudice were to submit affidavits from the prosecutor and defense counsel. *See id.* at 1047 n. 6. Such testimony is relevant because in order to demonstrate prejudice Paters was required to show that he would have accepted the plea deal but for his attorney's advice, *see Toro*, 940 F.2d at 1068, and obviously Cof-

fey's testimony is relevant to this determination, *see Paters*, 159 F.3d at 1047 n. 6 ("one way for Paters to establish his reaction to the plea would be to submit an affidavit from defense counsel"); *United States v. Day*, 969 F.2d 39, 45–6 (3rd Cir. 1992).

B. Prejudice

■ Paters next argues on appeal that even if the testimony of the prosecutor and his trial counsel was properly allowed, he is still entitled to relief because he has presented objective evidence that he would have accepted the plea offer but for his counsel's advice. Paters identifies four points that he claims establishes he was prejudiced by his counsel's performance. First, he notes that there is no dispute that a plea offer was made. Second, Paters points out that his mother testified that he told her he wanted to accept a plea offer. Third, Paters asserts that the fact he has always acknowledged some involvement in dealing drugs supports his contention that he wanted to plead guilty. Finally, Paters claims that prejudice is demonstrated because, he says, the record shows he was not accurately informed about the length of the prison time he faced either by pleading guilty or by going to trial.

We reject Paters' argument. First, Paters' self-serving assertions that he wanted to plead guilty are not sufficient to show prejudice. *See Paters*, 159 F.3d at 1047; *Toro*, 940 F.2d at 1068. Second, those statements are undermined by Paters' own testimony that he rejected the plea offer within 1½ minutes of finding out about it and that he did not raise the issue during a subsequent 90–minute meeting with Coffey. Third, Paters' mother admitted that her testimony regarding her son's desire to plead guilty is based solely on Paters' own statements to her. Such testimony does not constitute objective evidence. *See Paters*, 159 F.3d at 1047 n. 5.

Finally, Paters' argument that he did not have accurate information about the difference in sentence exposure between pleading guilty and going to trial is based on a false premise. Paters now says that his buyer-seller defense could not have led to his acquittal and at best would have led to a five-year sentence. Paters asserts that if he knew this before trial he obviously would have accepted the government's five-year plea offer. Thus he asserts that not having this information constitutes objective evidence supporting his claim. *See United States v. Gordon*, 156 F.3d 376, 381 (2nd Cir.1998); *Day*, 969 F.2d at 43. Paters is wrong, however, that the buyer-seller defense could not have led to his acquittal. The case he cites for this proposition, *United States v.. Mims*, 92 F.3d 461, 465 (7th Cir.1996), specifically holds that "a buyer-seller relationship alone is insufficient to prove a conspiracy ... even when the buyer intends to resell the purchased narcotics," and this court told Paters as much in deciding his direct appeal, *see Paters*, 16 F.3d at 191.

Finally, an additional reason not raised by the parties for finding a lack of prejudice is that there is no evidence that Paters would have accepted the plea offer that was actually on the table. Paters testified that he would have pleaded guilty in exchange for a "60–month" or "a five-year sentence." Hr'g Tr. at 43, 51. Wagner's and Coffey's testimony at the evidentiary hearing, however, made clear that the offer on the table was simply for the government to stipulate to a cocaine quantity of less than five kilograms so that Paters would be subject to a mandatory minimum sentence of five years, *see* 21 U.S.C. § 841(b)(1)(B), rather than 10 years as would be the case with a cocaine quantity of five or more kilograms, *see id.* § 841(b)(1)(A). Hr'g Tr. at 9. 14. Such an offer would not have guaranteed Paters a five-year sentence because the sentencing court may disregard the drug quantity stipulation in the plea offer and determine the amount with the aid of the presentence investigation report. *See* U.S.S.G. § 6B1.4(d); *United States v.. Diaz*, 138 F.3d 1359, 1363 (11th Cir.1998); *United States v.. Garcia*, 78 F.3d 1457, 1462–63 (10th Cir.1996); *United States v. Rodriguez*, 62 F.3d 723, 725 (5th Cir.1995); *Telesco*, 962 F.2d 165, 167 (2d Cir.1992); *United States v. Mason*, 961 F.2d 1460, 1462–63 (9th Cir.1992). The sentencing court held Paters responsible for "well over" five kilograms of cocaine and so even under the plea offer the lawyers described, Paters still could have received a sentence between 121 and 151 months. Paters has never asserted he would have accepted a plea offer exposing him to a sentence of over five years, and therefore there is no evidence that but for his counsel's advice he would have accepted the plea bargain that was actually offered.

On this point we note that it is questionable whether the government's proposal was appropriately offered or whether the district court could have accepted it. Under U.S.S.G. § 6B1.4, stipulations in a plea bargain must "set forth the relevant facts and circumstances of the actual offense conduct." The commentary to that guideline provides that a plea agreement stipulation must "fully and accurately" disclose all factors relevant to sentencing. *See* § 6B1.4, comment. Paters was held responsible at sentencing for 5 to 15 kilograms of cocaine based on testimony presented at his trial. Given that the government charged a five-kilogram conspiracy, and given the sentencing court's findings that the cocaine quantity was clearly well over five kilograms, the government's offer three days before trial to stipulate to a two-kilogram drug quantity to secure a plea agreement appears questionable. For example in *Telesco*, 962 F.2d at 167–68, the court noted that it was improper for the government to enter into a plea

agreement containing a stipulation that the defendant distributed only 2 to 3.4 kilograms of cocaine when the government knew the actual amount was more than 5 kilograms. The court held that a prosecutor violates his obligation to the court when he makes such an unfounded stipulation and that such violation "may be the cause for professional discipline." *Id.* at 168; *see also United States v. Schmeltzer,* 960 F.2d 405, 408–09 (5th Cir.1992) (government's attempt to get court to sentence defendant below the statutory minimum by promising in plea bargain not to seek sentencing enhancement in child pornography statute was "a serious breach of its duty to enforce the law Congress wrote"). In essence the government's proposal may have been illusory, and though Paters does not discuss this concern, the likelihood of the district court rejecting the proposed plea agreement is another factor suggesting that Paters has not demonstrated prejudice.

For the foregoing reasons, we AFFIRM the denial of Paters' § 2255 motion.