NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

CLAY PHILLIP FACCIO, *Petitioner*.

No. 1 CA-CR 16-0539 PRPC
FILED 8-24-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2012-148338-002
The Honorable Michael W. Kemp, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Adena J. Astrowsky
*Counsel for Respondent*

Clay Phillip Faccio, Eloy
*Petitioner*

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge Kent E. Cattani, and Judge Jon W. Thompson joined.

**M c M U R D I E**, Judge:

**¶1**　　　　Clay Phillip Faccio petitions this court for review from the dismissal of his petition for post-conviction relief ("PCR"). We have considered the petition for review and, for the reasons stated, grant review but deny relief.

**¶2**　　　　Having failed to appear for trial, Faccio was tried *in absentia* and convicted by a jury of possession of narcotic drugs for sale, possession or use of dangerous drugs, and possession of drug paraphernalia. After admitting to two prior felony convictions, he was sentenced to 20 years in prison on the possession of narcotic drugs for sale charge and concurrent prison terms on the other two counts. His convictions were affirmed on appeal in *State v. Faccio*, 1 CA-CR 13-0849, 2014 WL 7446733 (Ariz. App. Dec. 30, 2014) (mem. decision).

**¶3**　　　　Faccio brought a timely *pro se* petition for post-conviction relief alleging ineffective assistance of counsel ("IAC"). The superior court summarily dismissed his petition. We review for abuse of discretion. *State v. D'Ambrosio*, 156 Ariz. 71, 73 (1988).

**¶4**　　　　In his petition for review, Faccio alleges that his trial counsel gave him erroneous advice as to his case, which resulted in him rejecting the plea offer of 9.25 years in prison and choosing to proceed to trial. He claims that but for the promise of a successful result at trial, he would have chosen to accept the plea, and requests reinstatement of the plea. Faccio also raises additional issues and allegations relating to his PCR counsel, and expands his IAC claim against trial counsel to include allegations related to trial performance. We decline to consider matters and evidence not appropriately presented below. Issues not presented to the superior court may not be presented in the petition for review. Ariz. R. Crim. P. 32.9(c)(1); *State v. Wagstaff*, 161 Ariz. 66, 71 (App. 1988), *approved as modified*, 164 Ariz. 485 (1990); *State v. Ramirez*, 126 Ariz. 464, 468 (App. 1980).

**¶5**　　　　Attached to his PCR is a detailed affidavit claiming he proceeded to trial based on his attorney's "promise that there was

insufficient evidence of reasonable doubt . . ." and there was "no point in considering any offers because I would go home." Faccio also details specific alleged representations made by counsel, inducing him to proceed to trial, citing arguments made by his counsel at trial as support for his allegations. Faccio contends he is entitled to an evidentiary hearing based upon his allegations alone. The court views allegations in a petition in light of the entire record to determine if a claim is colorable. *State v. Lemieux*, 137 Ariz. 143, 146 (App. 1983). In view of the *entire* record, Faccio does not have a colorable claim of ineffective assistance of counsel and the superior court did not abuse its discretion.

**¶6** The record shows that the State made at least three different plea offers and Faccio rejected every offer. Faccio received two different *Donald* advisements or warnings. During the settlement conference, his only question regarding the proceedings was related to hiring private counsel, not about the offer or proceeding to trial.

**¶7** At the settlement conference, at the behest of his counsel, the prosecutor went into a detailed discussion of the facts of the case, including the existence and possible testimony of a drug informant; a recording of the drug transaction with the informant; Faccio's recorded confession; the intended testimony of Faccio's co-defendant; his criminal history; and that Faccio was listed as a repeat offender. Faccio was again advised of the facts and possible disposition of his case during a *Donald* advisement.

**¶8** The record also reflects that his attorney engaged in negotiations and filed one or more deviation requests. He was tendered a final reduced offer of 9.25 years, which Faccio clearly rejected on the record after being advised of the consequences by the court. The record directly contradicts the claim that his attorney advised him to reject a plea and promised him he would be acquitted because the State had insufficient evidence.

**¶9** To show ineffective assistance of counsel, Faccio must show both deficient performance by counsel and prejudice. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). The court is not bound by the self-serving assertions of a defendant, especially when contradicted by the record. *See, e.g.*, *State v. Goswick*, 142 Ariz. 582, 585 (1984) (in the context of an IAC claim, finding no sufficient factual basis to support an allegation based on a self-serving affidavit of the defendant); *see also Toro v. Fairman*, 940 F.2d 1065, 1068 (7th Cir. 1991) (defendant's self-serving memorandum regarding plea not sufficient alone to show prejudice).

**¶10**      Faccio does not cite to any evidence in the record supporting his claim that his attorney was urging him to trial or that he wanted the plea, as he asserts in his PCR reply. His counsel attempted to obtain a better result through negotiation. The choice to proceed to trial was made by Faccio, and Faccio alone.

**¶11**      Finding no abuse of discretion, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA