NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

DAVID REYES, *Petitioner*.

No. 1 CA-CR 16-0563 PRPC
FILED 9-26-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2014-107050-001 DT
The Honorable Jerry Bernstein, Judge *Pro Tempore*

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Jeffrey R. Duvendack
*Counsel for Respondent*

David Reyes, San Luis
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge James P. Beene joined.

---

**W I N T H R O P**, Judge:

¶1            David Reyes petitions this court for review of the dismissal of his petition for post-conviction relief.  We have considered the petition for review and, for the reasons stated, grant review but deny relief.

¶2            Reyes was charged by indictment with kidnapping, a class two felony, burglary in the second degree, a class three felony, and aggravated assault, a class six felony.  A jury found Reyes guilty of kidnapping and burglary, but not guilty of aggravated assault.  The jury also found two aggravating circumstances, including that Reyes was on community supervision when he committed the offenses.  After a trial on the priors, at which the State proved six prior felony convictions, Reyes was sentenced to concurrent, presumptive terms of 15.75 years' imprisonment in the Arizona Department of Corrections ("ADOC") for kidnapping and 11.25 years' imprisonment for burglary.  His convictions and sentences were affirmed on appeal in *State v. Reyes*, 1 CA-CR 14-0734, 2015 WL 5638018 (Ariz. App. Sept. 24, 2015) (mem. decision).

¶3            After his request and approval to proceed *pro se*, Reyes filed a timely petition for post-conviction relief, alleging multiple claims, including ineffective assistance of counsel by his preliminary hearing/plea attorney.  The State filed a timely response, and the superior court summarily denied Reyes' petition.  Reyes then filed a motion for reconsideration, which narrowed his claims down to one claim of ineffective assistance of plea counsel, conceding that the remainder of his claims "fail[ed] to meet the standards of being a colorable claim."  Without directing a response from the State, the superior court summarily denied the motion for reconsideration on the one issue raised by Reyes.

¶4            In his petition for review, Reyes claims he is entitled to automatic relief as the State never filed a response to his motion for reconsideration.  His claim has no merit.  *See* Ariz. R. Crim. P. 32.9(a).  ("No response to a motion for rehearing will be filed unless requested by the court . . . .").  The superior court never directed a response, so none was

required. Further, even if one was required, the failure to file a response or to speak in opposition to a petition does not automatically entitle a petitioner to relief. *State v. Cawley*, 133 Ariz. 27, 29, 648 P.2d 142, 144 (App. 1982).

**¶5**        Reyes also reiterates his claim that his preliminary hearing attorney was ineffective under *State v. Donald*, 198 Ariz. 406, 10 P.3d 1193 (App. 2000), because that attorney did not advise him of the risks of going to trial or of the evidence against him. He avows that, if he had been so advised, he would have accepted the plea agreement at the preliminary hearing stage. Reyes claims he has no recollection of the incident because of a "blackout" and therefore had no idea of the evidence against him.

**¶6**        The court views allegations in a petition in light of the entire record to determine if a claim is colorable. *See generally State v. Lemieux*, 137 Ariz. 143, 146, 699 P.2d 121, 124 (App. 1983). In view of the *entire* record, including transcripts therefrom, Reyes does not have a colorable claim of ineffective assistance of counsel, and the superior court did not abuse its discretion. We first note that his original petition for post-conviction relief contained factual errors regarding the offer. Reyes claimed he was offered a stipulation to plead to a six-year sentence in ADOC.[1] The original offer at a status conference was actually to a range of from 4.5 to 23 years in ADOC. Reyes rejected this offer after a *Donald* advisement. He also claimed that he was offered 9.25 years in ADOC at the preliminary hearing stage.

**¶7**        The record shows that, at the settlement conference, with a different appointed (trial) counsel, where another *Donald* advisement was given, a second offer of a range of 9.25 to 23 years was tendered (a class two felony with admission to one prior felony conviction, and no less than the presumptive sentence), with the possibility of a stipulated 9.25-year sentence after victim consultation. The offer was left open for two weeks. At that conference, the charges and evidence were thoroughly presented, as was the range of possible sentences. The possibility of a "no contest" plea because of Reyes' claim not to remember the events due to intoxication was also discussed. Reyes did not accept the offer.

---

[1]      Reyes attached an offer sheet showing a plea offer at the preliminary hearing stage, in which he would plead guilty to a class three felony with one prior felony conviction. Acceptance of such an offer would have brought a range of 3.25 to 16.25 years' imprisonment in ADOC, but Reyes admits he "endorsed" rejection of this offer.

¶8        To show ineffective assistance of counsel, Reyes must show both deficient performance by counsel and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The court is not bound by the self-serving assertions of Reyes, especially when clearly contradicted in the record, and in this instance, they are not enough to require an evidentiary hearing. *See, e.g., State v. Goswick*, 142 Ariz. 582, 585, 691 P.2d 673, 676 (1984) (finding, in the context of an ineffective assistance of counsel claim, no sufficient factual basis to support an allegation based on the self-serving affidavit of the defendant); *see also Toro v. Fairman*, 940 F.2d 1065, 1068 (7th Cir. 1991) (holding that the defendant's self-serving affidavit regarding a plea offer was not sufficient alone to show prejudice), *superseded by statute on other grounds as stated in United States v. Bejarano*, 751 F.3d 280, 287 n.5 (5th Cir. 2014).

¶9        We need not decide whether there is deficient performance if there is no evidence of prejudice. If a defendant fails to make a sufficient showing on either prong of the *Strickland* test, the superior court need not determine whether the defendant satisfied the other prong. *State v. Salazar*, 146 Ariz. 540, 541, 707 P.2d 944, 945 (1985).

¶10        What the evidence shows is that Reyes rejected an offer of an open range of 4.5 to 23 years in prison (a class two felony with admission to one prior felony), and an offer of a range of sentencing from 9.25 to 23 years in prison, with a probable stipulation to 9.25 years in prison. It is clear from the record that he was aware of what he was charged with and what evidence the State had when he decided to reject these offers and went to trial. Reyes does not provide sufficient factual support for his claim that he would have accepted the original plea agreement, rather than go to trial. *See Donald*, 198 Ariz. at 414, ¶ 20, 10 P.3d at 1201.

¶11        Additionally, Reyes cannot establish prejudice because the 9.25-year sentence would have fallen within the range of the original offer, and determining what sentence he might have received if he had accepted that offer is speculative at best.[2] *See State v. McDaniel*, 136 Ariz. 188, 198, 665 P.2d 70, 80 (1983) (stating that proof of counsel's ineffectiveness "must be a demonstrable reality rather than a matter of speculation"), *abrogation*

---

[2]        Reyes contends he would not have received more than 9.25 years under the range anyway, without a jury trial on the aggravating factors. He misapprehends that under the plea attached to his petition, the court would decide aggravating factors, and a jury would not be required for the factor under A.R.S. § 13-701(D)(11), which alone would allow sentencing up to the maximum term—in this case, 18.5 years.

*on other grounds recognized in State v. Walton*, 159 Ariz. 571, 593-94, 769 P.2d 1017, 1039-40 (1989) (Feldman, J., concurring).

¶12      Accordingly, although we grant review, we deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA