986 F.2d 1425
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Anthony C. WESSON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-2146.
 United States Court of Appeals, Seventh Circuit.
 Argued Dec. 16, 1992.
Decided Feb. 22, 1993.
 
 Before CUDAHY, EASTERBROOK and MANION, Circuit Judges.
 
 ORDER
 
 1
 Anthony Wesson, the defendant in a criminal prosecution under 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, appeals the district court order denying his motion to vacate the sentence under 28 U.S.C. § 2255. On appeal, Wesson argues that the district court committed plain error by failing to grant a departure from the United States Sentencing Guidelines ("Guidelines") for diminished mental capacity under § 5K2.13. Because the proper standard for review of Wesson's motion is the cause and prejudice analysis and not plain error, we affirm.
 
 I. Background
 
 2
 Wesson was convicted by a federal petit jury on four counts of distributing cocaine, 21 U.S.C. § 841(a)(1), and one count of aiding and abetting possession with intent to distribute cocaine, 18 U.S.C. § 2. Wesson was subsequently sentenced to concurrent terms of seventy-eight months on each of the five counts, the minimum sentence prescribed in the sentencing guideline range.
 
 
 3
 Wesson appealed his sentence to this court arguing only that the evidence at trial of aiding and abetting with intent to distribute was insufficient to convict. This court affirmed the conviction. United States v. Wesson, 889 F.2d 134 (7th Cir.1989).
 
 
 4
 Wesson subsequently filed a motion under 28 U.S.C. § 2255 to vacate the sentence raising four issues: (1) whether the trial court erred in increasing Wesson's offense level under Guidelines § 3B1.1(c); (2) whether the trial court erred in failing to decrease Wesson's offense level under Guidelines § 5K2.13 for diminished mental capacity; (3) whether the trial court erred in failing to decrease Wesson's offense level under Guidelines § 3E1.1 for acceptance of responsibility; and, (4) whether Wesson's counsel provided ineffective assistance by failing to conclude plea negotiations prior to the morning of trial.
 
 
 5
 The district court denied the first and third arguments of the § 2255 motion by written order on November 25, 1991. The second and fourth arguments were denied on April 19, 1992 after an evidentiary hearing on the issue of Wesson's alleged mental deficiency. Wesson then appealed only the diminished mental capacity claim to this court on May 12, 1992, asserting in his appellate brief that the district court had committed plain error by not reducing his sentence.
 
 II. Analysis
 
 6
 In United States v. Frady, 456 U.S. 152 (1982), the Supreme Court expressly rejected the plain error standard in favor of the "cause and prejudice" analysis, stating "to obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." Id. at 166. The Court continued that "the proper standard for review of [a § 2255] motion is the 'cause and actual prejudice' standard." Id. at 167. Thus, Wesson's argument that the district court committed plain error by failing to reduce Wesson's sentence is insufficient and must fail. In addition, Wesson's ineffective assistance of counsel argument, made for the first time at oral argument, must also fail. It is well settled that an issue raised for the first time at argument will not be considered. See, e.g., Zalega v. I.N.S., 916 F.2d 1257, 1259 n. 3 (7th Cir.1990); United States v. Rodriquez, 888 F.2d 519, 524 (7th Cir.1989). Furthermore, even if we were to consider it, Wesson cannot demonstrate that his attorney's representation "fell below an objective standard of reasonableness," nor can he demonstrate that "there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." United States v. Moya-Gomez, 860 F.2d 706, 763-64 (7th Cir.1988). Nothing in the record indicates that Wesson's counsel did not conduct an adequate investigation of Wesson's competency, and the district court has indicated that it would not have acted differently had a motion for downward departure been made at trial. In any event, the district court held an evidentiary hearing with respect to Wesson's alleged mental deficiency and held, "[e]ven if the court had known at sentencing all that it knows now after the hearing on this motion, it would not have departed from the guidelines. The sentence would have been exactly the same."
 
 III. Conclusion
 
 7
 For the foregoing reasons, the judgment of the district court is AFFIRMED.