**William ELLZEY, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 00–2124.**

United States District Court, C.D. Illinois. Danville/Urbana Division.

July 8, 2002.

William Ellzey, Terre Haute, IN, pro se.

Colin S. Bruce, Esq., Office of U.S. Attorney, Urbana, IL, for Respondent.

## ORDER

McCUSKEY, District Judge.

On May 8, 2000, Petitioner William Ellzey filed a Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (# 1) pursuant to 28 U.S.C. § 2255. Respondent filed a Response (# 17) on January 22, 2002, and Petitioner filed his Reply (# 20) on February 12, 2002. Petitioner's motion is now DENIED.

### FACTS

Petitioner was convicted on May 15, 1998, of conspiracy to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1). The Seventh Circuit affirmed the conviction on May 10, 1999. *United States v. Ellzey*, 182 F.3d 923 (7th Cir. 1999). Petitioner next filed a 28 U.S.C. § 2255 motion on May 8, 2000. The motion, as supplemented by various amendments previously allowed by this court, alleges that Petitioner was denied his Sixth Amendment right to effective counsel at trial, and that his sentencing was unconstitutional according to the recent case of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

Petitioner argues in various motions that his counsel was ineffective on the grounds that he: (1) failed to call Petitioner as a defense witness after Petitioner advised him that he wished to testify; (2) did not encourage Petitioner to accept a government plea bargain; (3) failed to move during sentencing for a downward departure based on Petitioner's diminished mental capacity; (4) failed to move for a downward departure based on a disparity between the sentences of Petitioner and his co-conspirators; (5) failed to object to the sufficiency of the superseding indictment, which did not state the quantity of drugs allegedly involved in the crime; (6) did not object to the indictment's failure to include an essential element of the offense of aiding and abetting; and (7) did not object to the sufficiency of the superseding indictment, or to the jury instructions, on the ground that the offense of conspiracy requires a specific co-conspirator to be iden-

tified by name. Petitioner also asserts that the cumulative effect of counsel's errors acted to deprive him of due process of law.

On August 30, 2000, Petitioner supplemented his original motion to include an additional claim that his conviction was unconstitutional under *Apprendi*, in which the Supreme Court determined that all evidence leading to a sentence exceeding the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. Petitioner argues that because the quantity of drugs was not specified in the superseding indictment, he could not constitutionally be sentenced to life imprisonment—a term that exceeds the statutory maximum for a minimal amount of drugs under 21 U.S.C. § 841(b)(1)(C).

Respondent filed a Motion to Dismiss (# 3) on May 12, 2000, arguing that the § 2255 motion was barred by the statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996. This motion was denied on November 16, 2001(# 12). Respondent then filed a Response (# 17) on January 22, 2002, to which Petitioner filed his Reply (# 20) on February 12, 2002. Petitioner also petitioned the court for appointment of counsel (# 13) on December 17, 2001, and renewed this petition on February 12, 2002(# 21).

### ANALYSIS
### I. Requirement of a Hearing and Counsel

Under 28 U.S.C. § 2255, an evidentiary hearing is required if the record contains a conflict on an issue of fact. *Taylor v. United States*, 287 F.3d 658, 659 (7th Cir. 2002). However, when the court has "sufficient information, based on its observations, the record, and the law" to rule on an issue, no hearing is necessary. *Rodriguez v. United States*, 286 F.3d 972, 987 (7th Cir.2002). For reasons explained herein, Petitioner alleges no factual allegations that warrant an evidentiary hearing.

■ Because no hearing is allowed, Petitioner has no statutory right to an attorney, and the appointment of counsel is therefore a matter of the court's discretion. *Oliver v. United States*, 961 F.2d 1339, 1343 (7th Cir.1992), *cert. denied*, 506 U.S. 976, 113 S.Ct. 469, 121 L.Ed.2d 376 (1992). This court denies Petitioner's request for appointed counsel because his claims are without merit, and because further investigation would be futile. *See Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir.1983). Furthermore, Petitioner has already done an adequate job of articulating his claims, which are relatively straightforward questions of law that rely on facts readily available to the court. *See Wilson*, 716 F.2d at 418. The Petition for Appointment of Counsel is therefore denied.

### II. Ineffective Assistance of Counsel

In order to demonstrate ineffective assistance of counsel, Petitioner must meet the two-pronged test of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under *Strickland*, Petitioner must show: (1) that "counsel's representation fell below an objective standard of reasonableness," and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688, 698, 104 S.Ct. 2052. This court must give a "strong presumption that counsel rendered reasonably effective assistance," *United States v. Limehouse*, 950 F.2d 501, 503 (7th Cir.1991), *cert. denied*, 504 U.S. 918, 112 S.Ct. 1962, 118 L.Ed.2d 563 (1992) (*citing Strickland*, 466 U.S. at 689, 104 S.Ct. 2052).

## A. The Right to Testify

Petitioner first alleges that although he told his defense counsel that he wished to testify at trial, his counsel rested without calling him as a witness. The right to testify on one's own behalf is a fundamental right that counsel cannot waive without a client's consent. *Ortega v. O'Leary*, 843 F.2d 258, 261 (7th Cir.1988), *cert. denied*, 488 U.S. 841, 109 S.Ct. 110, 102 L.Ed.2d 85 (1988) (holding that the right to testify is protected by the Fifth, Sixth and Fourteenth Amendments). An attorney may advise a client against testifying, but may not prohibit the client from doing so. *Galowski v. Murphy*, 891 F.2d 629, 636 (7th Cir.1989), *cert. denied*, 495 U.S. 921, 110 S.Ct. 1953, 109 L.Ed.2d 315 (1990). Therefore, if counsel did indeed fail to call Petitioner to the stand after he had expressed his wish to testify, the first prong of *Strickland* would be satisfied. *See United States v. Curtis*, 742 F.2d 1070, 1076 (7th Cir.1984), *cert. denied*, 475 U.S. 1064, 106 S.Ct. 1374, 89 L.Ed.2d 600 (1986) ("If a defendant insists on testifying, however irrational that insistence might be from a tactical viewpoint, counsel must accede.").

■ However, Petitioner cannot meet the second *Strickland* prong—actual prejudice—because he does not explain how he would have testified or what he could have said to mitigate the overwhelming weight of the evidence against him. The Seventh Circuit has held that a "bare suggestion" in an affidavit that a defendant's testimony would have changed the outcome of a trial is insufficient to meet the second prong of the *Strickland* test, or to require an evidentiary hearing on the subject. *Donovan v. United States*, 1996 WL 735591, at *5 (7th Cir.1996). *See also Underwood v. Clark*, 939 F.2d 473, 476 (7th Cir.1991) ("Some greater particularity is necessary—and also we think some substantiation is necessary, such as an affidavit from

the lawyer who allegedly forbade his client to testify—to give the claim sufficient credibility to warrant a further investment of judicial resources in determining the truth of the claim."). This ground for relief is therefore denied without a hearing. *See Wilson v. United States*, 149 F.Supp.2d 1045, 1052 (N.D.Ind.2001) (denying an evidentiary hearing for a petitioner who presented only a similar affidavit).

## B. The Plea Agreement

■ Petitioner next alleges that his counsel was ineffective for failing to advise him to accept a proffered government plea agreement. Petitioner's co-defendant, Maurice Cole, accepted such an agreement, as did others indicted on charges stemming from the same conspiracy. As a result, these defendants received significantly lower sentences, while Petitioner was tried, convicted, and sentenced to life in prison.

Criminal defendants have the right to the effective assistance of counsel in deciding whether to accept or reject a government plea agreement. *Toro v. Fairman*, 940 F.2d 1065, 1067 (7th Cir.1991), *cert. denied*, 505 U.S. 1223, 112 S.Ct. 3038, 120 L.Ed.2d 907 (1992). The Seventh Circuit has considered very few cases of attorney incompetence involving rejection of plea agreements. *Paters v. United States*, 159 F.3d 1043, 1046 (7th Cir.1998). The cases establish, however, that Petitioner has failed to show the prejudice necessary to satisfy the second prong of *Strickland*, which in cases of rejected plea agreements requires Petitioner to demonstrate: "(1) through objective evidence that (2) there is a reasonable probability that he would have accepted the alleged proposed plea agreement absent defense counsel's advice." *Paters*, 159 F.3d at 1046. *See also Toro*, 940 F.2d at 1068.

Although the court in *Paters* found sufficient objective evidence to warrant an evidentiary hearing, the present case is distinguishable in several ways. In *Paters*, the petitioner submitted additional affidavits from his parents. *Paters*, 159 F.3d at 1047. In contrast, Petitioner has presented no evidence other than his own self-serving affidavit, which, although made under penalty of perjury, is in itself insufficient under *Toro* to warrant a hearing. *Toro*, 940 F.2d at 1068. Additionally, in *Paters* the government conceded the petitioner's version of the facts. *Paters*, 159 F.3d at 1045. Although in the present case Respondent altogether fails to respond to the plea agreement issue, it does not concede the facts alleged by Petitioner.

Moreover, Petitioner's allocution at sentencing provides some evidence that he pleaded not guilty with full knowledge of the potential consequences. He stated:

I know the government gave me the opportunity to cooperate to make things m[o]re lenient for myself. But the way I was brought up, Your Honor, I just couldn't see myself trying to get other people in trouble for the situation that I was in. And I don't feel like I made the wrong decision of going to trial and being found guilty....

Petitioner's statement indicates that he had made an independent decision to forego the plea agreement. In fact, Petitioner does not even allege otherwise. His affidavit states only that his "counsel failed to give ... any advice or suggestion as to how to deal with a government offer to plead guilty and cooperate." This does not directly confront the "ultimate issue—that there is a reasonable probability that [Petitioner] would have accepted the plea deal but for his attorney's advice." *Paters*, 159 F.3d at 1048–49. Because he cannot prove that he was prejudiced by his counsel's failure, Petitioner cannot meet *Strickland's* prejudice prong and this second ar-

gument for relief is therefore denied without an evidentiary hearing.

### C. Diminished Mental Capacity

■ Petitioner's third ineffective assistance of counsel claim is based on his attorney's failure to move for a downward departure at sentencing on the ground of diminished mental capacity. To meet the *Strickland* test on an issue of sentencing, Petitioner must demonstrate "a reasonable probability that he received additional prison time because of counsel's error." *See United States v. Ruzzano*, 247 F.3d 688, 696 (7th Cir.2001). Petitioner cannot meet this standard.

Downward departures from the sentencing guidelines due to diminished mental capacity are not mandatory, and are entirely matters of the court's discretion. *United States v. Crucean*, 241 F.3d 895, 900 (7th Cir.2001). This court had an opportunity to observe Petitioner during his trial and has formed an opinion of his character. Numerous witnesses, including Petitioner's brother, testified that he was a major kingpin of the Gangster Disciples in Decatur, Illinois, where he helped to run a large drug manufacturing and distribution operation. Petitioner delivered an allocution during his sentencing in which he stated that he did not regret his refusal to cooperate with the government. This court now holds that, even if Petitioner's counsel had moved for a downward departure, the motion would have been denied. *See Wesson v. United States*, 1993 WL 46821, at *1 (7th Cir.1993) (upholding a denial of a § 2255 motion where the district court stated that it would not have granted a downward departure based on diminished mental capacity even if the motion had been made at trial). Because the first-hand observations of this court and analysis of the record indicate that Petitioner is not entitled to relief, no evidentiary hearing is necessary. *Rodriguez*, 286

F.3d at 987 (holding that the judge who presided over the petitioner's trial and sentencing was uniquely suited to determine if a hearing was needed). Petitioner cannot show he was prejudiced by his counsel's performance, and his third ground for relief is therefore denied.

### D. Disparity in Sentencing

■ Petitioner argues that his counsel was ineffective at sentencing for another reason: failure to move for downward departure based on the disparity between Petitioner's sentence and the sentences of his co-conspirators. However, as has already been discussed, Petitioner was aware that he faced a higher sentence if he did not cooperate with the government. The Seventh Circuit has held that disparities in sentencing between those co-defendants who cooperate and those who must be convicted at trial are not grounds for a downward departure at sentencing. *United States v. Hamzat*, 217 F.3d 494, 500 (7th Cir.2000) ("Such justifiable disparities in sentencing are not a proper basis for a downward departure."). The court therefore would not have granted a motion for downward departure even if it had been made, and this ground for relief is also denied without a hearing.

### E. Sufficiency of the Indictment

■ Petitioner next asserts that his counsel was ineffective for failing to object, on several grounds, to the sufficiency of the superseding indictment. In order to be sufficient, an indictment must, when read as a whole, adequately apprise Petitioner of the charge against him so that he can prepare a defense and assess any potential double jeopardy problems. *United States v. Spears*, 965 F.2d 262, 279 (7th Cir.1992), *cert. denied*, 506 U.S. 989, 113 S.Ct. 502, 121 L.Ed.2d 438 (1992). Petitioner first argues that the superseding indictment is invalid for failure to state a specific quantity of drugs. The Seventh

Circuit, however, has held that the quantity of drugs is not a necessary element of 21 U.S.C. § 841, and that counsel is not ineffective for failing to object on this ground. *Curry v. United States*, 2001 WL 1497758, at *1 (7th Cir.2001) ("[E]ven after *Apprendi*, an allegation of drug quantity is not essential to an indictment.").

■ Petitioner also argues that the indictment is invalid because it does not specify co-conspirators by name. While the indictment does include an ambiguous reference to "others, both known and unknown to the grand jury," it also specifically names Maurice Cole as a co-conspirator. An indictment must be considered in its entirety and should not be read in a hypertechnical manner. *United States v. Smith*, 230 F.3d 300, 305 (7th Cir.2000), *cert. denied*, 531 U.S. 1176, 121 S.Ct. 1151, 148 L.Ed.2d 1013 (2001). By naming Cole as a co-conspirator, the indictment therefore sufficiently apprised Petitioner of the charges against him. Even if Cole were not named, however, the indictment would still be sufficient because the government may charge a defendant with conspiring with people whose names are unknown. *United States v. Townsend*, 924 F.2d 1385, 1389 (7th Cir.1991) (*quoting United States v. Piccolo*, 723 F.2d 1234, 1239 (6th Cir. 1983)) ("It is the grand jury's statement of the 'existence of the conspiracy agreement rather than the identity of those who agree' which places the defendant on notice of the charge he must be prepared to meet."). Petitioner's related contention that his counsel should have objected to the jury instructions on the conspiracy charge is similarly without merit, because a conspiracy conviction does not require proof of agreement with another named individual. *Townsend*, 924 F.2d at 1389 ("The crime of conspiracy focuses on agreements, not groups. True, it takes at least two to conspire, but the government

doesn't have to prove with whom a defendant conspired; it need only prove that the defendant joined the agreement alleged, not the group.").

 Finally, Petitioner asserts that the indictment did not adequately charge him with all the elements of aiding and abetting. But under 18 U.S.C. § 2, aiding and abetting is "merely a theory of liability, not a substantive offense, and need not be charged in the indictment." *United States v. Schuh*, 289 F.3d 968, 976 (7th Cir.2002). The theory may be presented to the jury as long as it is supported by the evidence and does not result in unfair surprise to the defendant. *United States v. Ruiz*, 932 F.2d 1174, 1180 (7th Cir. 1991). In Petitioner's case, the evidence was more than sufficient to support his conviction, and the indictment properly notified him of the existence of that evidence. Among other things, it alleged that Petitioner "used his position and influence as assistant governor (second-in-command) of the Gangster Disciples in Decatur to develop and maintain a network of distributors, communicate with those distributors through gang channels, enforce organizational discipline, collect drug debts, provide security, and maintain market territory." This statement was adequate to notify Petitioner of the government's theory of the case and to prevent surprise. *See United States v. Galiffa*, 734 F.2d 306, 313 (7th Cir.1984). Thus, there were no constitutional problems with the indictment and Petitioner's counsel was not ineffective for failing to object to it. Because the superseding indictment was sufficient as a matter of law, no evidentiary hearing is required.

### III. Due Process

 Petitioner argues that the combined errors of his counsel deprived him of due process of law. Petitioner cites *Walker v. Engle*, 703 F.2d 959 (6th Cir.1983),

*cert. denied*, 464 U.S. 951, 104 S.Ct. 367, 78 L.Ed.2d 327 (1983), in support of this proposition. As has already been discussed, however, Petitioner suffered no prejudice from any of his counsel's alleged errors. Petitioner's counsel conducted a vigorous and thorough defense in the face of overwhelming evidence. Unlike the defendant in *Walker*, Petitioner was in no way subjected to a "fundamentally unfair" trial. *Walker*, 703 F.2d at 963. This ground for relief is denied.

### IV. *Apprendi*

Petitioner's final argument is that his sentencing was unconstitutional according to the recently decided case of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *Apprendi* held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Because the default maximum penalty under 21 U.S.C. § 841(a)(1) is twenty years, anyone sentenced to a longer sentence after *Apprendi* must have had the quantity of drugs proved to a jury beyond a reasonable doubt. *United States v. Lewis*, 2002 WL 977127, at *1 (7th Cir.2002).

In the present case, the indictment did not name any specific quantity of crack cocaine. Instead, following previously valid precedent, this court found by a preponderance of the evidence that Petitioner was responsible for distributing more than 1.5 kilograms of crack and sentenced him to life in prison. Because the sentence exceeds twenty years, Petitioner therefore potentially stands to benefit from the Supreme Court's *Apprendi* ruling. While Respondent cites *United States v. Nubuor*, 274 F.3d 435, 444 (7th Cir.2001), and *United States v. Jones*, 248 F.3d 671, 676–77 (7th Cir.2001), as holding to the contrary,

these cases involved sentences shorter than twenty years and are therefore unaffected by the *Apprendi* ruling. *See United States v. Leonard,* 289 F.3d 984, 989 (7th Cir.2002) ("[I]t is well-settled in this Circuit that *Apprendi* does not apply in cases where the actual sentence imposed is less severe than the statutory maximum.").

 A motion under § 2255, however, is not a substitute for direct appeal. *Doe v. United States,* 51 F.3d 693, 698 (7th Cir.1995), *cert. denied,* 516 U.S. 876, 116 S.Ct. 205, 133 L.Ed.2d 139 (1995). An issue not raised on appeal cannot be reviewed in a collateral proceeding unless Petitioner can show both good cause for failure to raise it and resulting actual prejudice. *Murphy v. United States,* 282 F.3d 940, 943 (7th Cir.2002). Even though existing precedent at the time of Petitioner's appeal would seemingly have doomed the argument to failure, the Seventh Circuit has established that lack of supporting case law does not excuse failure to raise an *Apprendi* claim on direct appeal. *United States v. Smith,* 241 F.3d 546, 548 (7th Cir.2001) (holding that the foundations of *Apprendi* had been laid even before 1992, and lack of precedent did not constitute "cause" for failing to raise the argument). Although on appeal the Seventh Circuit did address Petitioner's argument that the indictment did not specifically allege the type of drug charged, it did not deal with the separate issue of drug quantity. Petitioner's *Apprendi* claim is therefore waived as to the issue of drug quantity.

 Even if he had raised the argument on appeal, however, Petitioner's claim must still fail because the Seventh Circuit has recently held that *Apprendi* does not apply retroactively to convictions that became final before it was decided. *Curtis v. United States,* 294 F.3d 841, 843–44 (7th Cir.2002). A conviction becomes final when availability of appeal is exhausted and the time to petition the Supreme

Court for certiorari has expired. *Teague v. Lane,* 489 U.S. 288, 294, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). The Seventh Circuit denied Petitioner's appeal on May 10, 1999, and he did not petition the Supreme Court for certiorari. His conviction therefore became final before *Apprendi* was decided on June 26, 2000. *Apprendi* is thus unavailable to Petitioner on collateral review and this ground for relief is denied.

IT IS THEREFORE ORDERED:

(1) The Petition for Appointment of Counsel (# 13) and Renewed Petition for Appointment of Counsel (# 21) are DENIED.

(2) The Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (# 1) is DENIED.

(3) This case is terminated.