In the

# United States Court of Appeals
## For the Seventh Circuit

———————

No. 05-4753

JUAN ALMONACID,

*Petitioner-Appellant*,

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee*.

———————

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 04 C 4481—**James B. Zagel,** *Judge*.

———————

ARGUED DECEMBER 8, 2006—DECIDED FEBRUARY 14, 2007

———————

Before EASTERBROOK, *Chief Judge*, and POSNER and RIPPLE,
*Circuit Judges*.

RIPPLE, *Circuit Judge*.  Juan Almonacid was convicted by
a jury of conspiracy to distribute and to possess with intent
to distribute more than five kilograms of cocaine. The
district court imposed a sentence of 235 months' imprison-
ment. We affirmed Mr. Almonacid's conviction on direct
appeal. *See United States v. Almonacid*, 70 F. App'x 390, 391
(7th Cir. 2003). Mr. Almonacid then brought a motion

under 28 U.S.C. § 2255 alleging, among other matters, the ineffective assistance of trial counsel. The district court denied the petition without an evidentiary hearing. We granted a certificate of appealability limited to his claim of ineffective assistance of counsel. For the reasons set forth in this opinion, we affirm the judgment of the district court.

# I

## BACKGROUND

Mr. Almonacid was a confederate of Hugo Catano, the leader of a criminal organization that conspired to import and to distribute large amounts of cocaine. On multiple occasions, Mr. Almonacid personally received large quantities of cocaine and facilitated payment for the drugs. Mr. Almonacid's participation in the conspiracy extended beyond transporting drugs and money. He also engaged a chemist to test the purity of the cocaine received by the Catano organization and rented an apartment for Catano. When the conspiracy collapsed, Mr. Almonacid abruptly left his home.

In December 1998, the Government indicted Mr. Almonacid and seven others on a single count of conspiracy to distribute and to possess with intent to distribute more than five kilograms of cocaine. Despite Mr. Almonacid's close contact with Catano and other members of the conspiracy, the Government had relatively little direct evidence connecting him to the conspiracy. More precisely, the Government had no forensic evidence connecting Mr. Almonacid to the cocaine, no photographic evidence of Mr. Almonacid engaging in the conspiracy, no voice recording of Mr. Almonacid or even any mention of his name on a wiretap, and no witness who observed

Mr. Almonacid engage in any drug-related activities. The Government's case rested primarily on the testimony of cooperating co-conspirators.

Mr. Almonacid also had a number of potential defenses. First, the cooperating co-conspirators were all testifying against him in exchange for leniency. Additionally, one of the cooperating co-conspirators previously had provided the Government with a chart of the Catano organization that did not include Mr. Almonacid. Lastly, a non-cooperating co-conspirator testified that he, not Mr. Almonacid, was the "Cookieman" identified by one of the cooperating co-conspirators as Mr. Almonacid.

Prior to trial, the Government extended a plea offer. Under its terms, Mr. Almonacid would plead guilty to two counts of using a telephone to facilitate a drug trafficking offense. The maximum penalty for these offenses was eight years' imprisonment. By contrast, the maximum penalty Mr. Almonacid faced if convicted on the conspiracy charge was twenty-five years' imprisonment. Mr. Almonacid's attorney advised him to reject the Government's offer, based largely on the strength of the defense. Mr. Almonacid rejected the plea offer, but, after a jury trial, was convicted and sentenced to 235 months' imprisonment.

After his direct appeal, Mr. Almonacid filed a motion to vacate or set aside his sentence. *See* 28 U.S.C. § 2255. He requested an evidentiary hearing. In his § 2255 motion, Mr. Almonacid alleged, among other matters, ineffective assistance of counsel with respect to his decision to reject the plea. He contended that he had based his decision on trial counsel's assurances that the Government "had nothing on [him]." R.1-1 at 16. He further contended that counsel had a motive to encourage Mr. Almonacid to reject

the plea offer because the fee arrangement with his trial counsel called for a fee of $15,000 for a plea agreement and $25,000 for a trial.

The district court denied Mr. Almonacid's petition without an evidentiary hearing. The court held that Mr. Almonacid had not shown any deficiency in the performance of trial counsel that would rise to the level of constitutional ineffectiveness. Because it found no deficiency in trial counsel's performance, the court found it unnecessary to reach the issue of whether Mr. Almonacid suffered any prejudice.

Mr. Almonacid filed a timely appeal. We granted a certificate of appealability limited to Mr. Almonacid's claim of ineffective assistance of counsel with regard to his decision to reject the Government's plea offer.

## II

## DISCUSSION

The district court denied Mr. Almonacid's § 2255 motion and his request for an evidentiary hearing after finding, based on the record and events of the trial, that Mr. Almonacid could not show that trial counsel's conduct was constitutionally deficient. We review the district court's conclusions of law de novo and its denial of a motion for an evidentiary hearing for abuse of discretion. *Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001). Because an error of law is, by definition, an abuse of discretion, *United States v. Rea-Beltran*, 457 F.3d 695, 702 (7th Cir. 2006), any error of law in dismissing Mr. Almonacid's motion for an evidentiary hearing would constitute an abuse of discretion.

As we noted recently in *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006), relief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process. Consequently, Rule 4 of the *Rules Governing Section 2255 Proceedings for the United States District Courts* provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Only when the district court has determined that the § 2255 motion ought not be dismissed at that early stage does the district court have occasion to determine whether an evidentiary hearing is required. *See* Rule 8(a) of the *Rules Governing Section 2255 Proceedings for the United States District Courts*. As we said in *Bruce v. United States*, 256 F.3d 592 (7th Cir. 2001), a "district court need not grant an evidentiary hearing in all § 2255 cases." *Id.* at 597. "Such a hearing is not required if 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.' " *Id.* (quoting 28 U.S.C. § 2255).

We have held that the Sixth Amendment right to effective assistance of counsel extends to assistance rendered when deciding whether to reject a plea offer. *Toro v. Fairman*, 940 F.2d 1065, 1067 (7th Cir. 1991). To establish ineffective assistance of counsel, the defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Trial counsel's performance will not be considered deficient unless it falls "below an objective standard of reasonableness." *Id.* at 688. Further, trial counsel is entitled to a "strong presumption" that his performance fell "within the wide range of reasonable

professional assistance" and will not be judged with the benefit of hindsight. *Id.* at 689. When counsel advises the defendant to reject a plea offer, his performance is not objectively unreasonable unless such advice is made "in the face of overwhelming evidence of guilt and an absence of viable defenses." *Gallo-Vasquez v. United States*, 402 F.3d 793, 798 (7th Cir. 2005).

Mr. Almonacid's sworn § 2255 motion and affidavit were the only pieces of evidence submitted in support of his motion. *See Kafo*, 467 F.3d at 1068 (holding that allegations within an affidavit or motion signed under penalty of perjury become evidence by which the district court may judge the sufficiency of the movant's claims). Mr. Almonacid admits that his attorney informed him of the plea offer and of the likely sentence. He does not contend that his counsel misrepresented the potential sentencing exposure under either scenario.[1] Rather, he submits that he was misled by counsel's predictions that he would prevail at trial. *See* R.1-1 at 16.

Mr. Almonacid's attorney did not make this estimation "in the face of overwhelming evidence of guilt and an absence of viable defenses." *Gallo-Vasquez*, 402 F.3d at 798. As the district court noted, the Government's case relied largely on the testimony of cooperating co-conspirators. R.24-1 at 1-2. The Government had no forensic evidence linking Mr. Almonacid to any cocaine, and it had no witnesses who could identify Mr. Almonacid as a partici-

---

[1] *Cf. United States v. Golden*, 102 F.3d 936, 943 (7th Cir. 1996) (holding that trial counsel's performance was within the range of competent representation when he informed the defendant of the charges, the plea offer, the likely prison sentence if convicted and the likely prison sentence under the plea offer).

pant in the conspiracy other than the cooperating co-conspirators. *Id.* at 6. Further, Mr. Almonacid had a number of viable defenses, including bias on the part of the testifying co-conspirators and mistake of identity. *Id.* at 6.

Thus, based on the evidence submitted by Mr. Almonacid and on the district court's observations from prior proceedings, it cannot be said that the court erred when it concluded that Mr. Almonacid's trial counsel did not fall below an objective standard of reasonableness when he advised Mr. Almonacid not to accept the Government's offer.[2]

## Conclusion

Accordingly, we conclude that the district court correctly denied the § 2255 petition without conducting a hearing.

---

[2] Mr. Almonacid submits that it was improper for the court to consider the events at trial because *Strickland v. Washington*, 466 U.S. 668 (1984), directs our inquiry to the objective reasonableness of the attorney's performance to what the attorney knew at the time of the allegedly deficient performance. 466 U.S. at 689. This argument gives little attention to *Strickland*'s admonition that a reviewing court should make every effort to avoid second guessing the decisions of trial counsel with the benefit of hindsight. *Id.* Further, the *Rules Governing Section 2255 Proceedings* clearly permit the district court to look to the record of the prior proceeding in advance of any evidentiary hearing and base its decision to dismiss the petition on that review. *See* Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts*; *see also Gallo-Vasquez v. United States*, 402 F.3d 793, 797 (7th Cir. 2005); *Rodriguez v. United States*, 286 F.3d 972, 986-87 (7th Cir. 2002); *Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001).

Mr. Almonacid's petition fails to disclose a basis upon which he could prevail on his claim of ineffective assistance of counsel. The judgment of the district court is affirmed.

AFFIRMED

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*