NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted May 2, 2008*
Decided May 8, 2008

### Before

FRANK H. EASTERBROOK, *Chief Judge*

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

| | |
|---|---|
| **No.** 07-3734 | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| RICHARD E. MROCH, *Petitioner-Appellant*, | |
| **v.** | No. 04 C 470 |
| UNITED STATES OF AMERICA, *Respondent-Appellee.* | J.P. Stadmueller, *Judge*. |

### Order

Richard Mroch, who was convicted of racketeering after a lengthy trial, see *United States v. Warneke*, 310 F.3d 542 (7th Cir. 2002), contends in this collateral attack

---

* This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

under 28 U.S.C. §2255 that his lawyer furnished ineffective assistance by recommending that he decline the offer of a plea bargain which, had it been accepted, would have led to a sentence lower than the one that followed the trial. Mroch maintains that his lawyer should have advised him that his chances of acquittal were low and that the proffered deal was a good bargain. He thus contends that he is entitled not only to a chance at complete acquittal but also to the lower sentence that was offered before trial in exchange for surrendering that right.

The district court denied this motion in a comprehensive opinion. We affirm on the basis of that opinion, with one additional observation. Whether counsel furnished ineffective assistance depends on the overall course of representation; it is inappropriate to single out one aspect of a lawyer's work while ignoring the rest. Mroch's lawyer worked hard to produce an outright acquittal, and his new lawyer does not fault his old lawyer's performance as an advocate. It is inappropriate to divorce the advice to go to trial from an analysis of what could be (and indeed was) done *at* trial on a client's behalf. See also, e.g., *Almonacid v. United States*, 476 F.3d 518 (7th Cir. 2007); *Toro v. Fairman*, 940 F.2d 1065 (7th Cir. 1991).

AFFIRMED