*210 ORDER AND JUDGMENT*
MICHAEL W. McCONNELL, Circuit Judge.
We granted a certificate of appealability (COA) to consider whether the district court erred in denying David Duran-Salazar’s request for a hearing on his claim under 28 U.S.C. § 2255 that he was denied effective assistance of counsel at his criminal trial. We hold that the court abused its discretion in denying the request and remand for an evidentiary hearing.
Duran-Salazar was convicted in federal district court of three drug offenses, including conspiracy to import drugs. His convictions were affirmed on appeal. United States v. Duran-Salazar, 123 Fed.Appx. 946, 950 (10th Cir.2005). He then filed a motion and request for a hearing under § 2255 arguing, among other things, that his lawyer prevented him from testifying and had he been allowed to testify, there was a reasonable probability that the outcome of his trial would have been different.
The district court denied the motion, including the request for a hearing.[1] It found “[bjecause it is possible to resolve the issues on the pleadings, and the record establishes conclusively that [Duran-Salazar] is not entitled to relief, I find that an evidentiary hearing is not necessary.” R. Vol. 1, Doc. 11 at 2. The court proceeded to the merits and concluded that even if Duran-Salazar was improperly prevented from testifying,[2] he could not prove prejudice:
I find that there is no possibility that the testimony would have effected the outcome of the trial because the substance of that testimony was in fact plainly before the jury. All three attorneys pursued the same defense, and their coordinated cross-examination and presentation of one witness continually impressed upon the jurors their position on the facts that they argued both in opening and closing statements.
Id. at 33-34.
We granted a COA on the narrow issue of whether Duran-Salazar “is entitled to an evidentiary hearing on his claim, supported by sworn statements, that he was denied effective assistance of counsel when his counsel refused to allow him to testify on his own behalf at trial.” Order, No. 07-2146 (10th Cir. Dec. 18, 2007).
Section 2255(b) provides: “[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall ... grant a prompt hearing ..., determine the issues and make findings of fact and conclusions of law[.]” The issue of whether Duran-Salazar is entitled to a hearing involves a “two-step inquiry: (1) whether the defendant is entitled to relief if his allegations are proved; and (2) whether the district court abused its discretion by refusing to grant an evidentiary hearing.” *211 United States v. Whalen, 976 F.2d 1346, 1348 (10th Cir.1992). As one court has explained,
[w]e review the district court’s conclusions of law de novo and its denial of a motion for an evidentiary hearing [under 28 U.S.C. § 2255) for abuse of discretion. Because an error of law is, by definition, an abuse of discretion, any error of law in dismissing [the] motion for an evidentiary hearing would constitute an abuse of discretion.
Almonacid v. United States, 476 F.3d 518, 520-21 (7th Cir.2007) (citations omitted); see also United States v. Fagan, 162 F.3d 1280, 1283 (10th Cir.1998) (“A district court by definition abuses its discretion when it makes an error of law”) (quotation omitted).
To establish ineffective assistance of counsel, Duran-Salazar must meet a two-prong test: “[T]he defendant must show that counsel’s performance was deficient [and] that the deficient performance prejudiced the defense.” Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Because “[a] criminal defendant has a constitutional right to testify in his own behalf at trial[,] ... even when doing so is suicidal trial strategy[,] [i]f [Duran-Salazar’s] counsel deprived him of the constitutional right to testify in his own defense[,] [s]uch a dereliction of duty by counsel would satisfy the first prong of Strickland.” Cannon v. Mullin, 383 F.3d 1152, 1171 (10th Cir.2004). “Strickland’s second prong — prejudice—is established if there is a reasonable probability that defendant’s testimony would have raised in a juror’s mind a reasonable doubt concerning his guilt.” Id. “A reasonable probability is a probability sufficient to undermine confidence in the outcome.” Strickland, 466 U.S. at 694, 104 S.Ct. 2052.
Duran-Salazar’s sworn statement alleged that “[c]ounsel failed to have [me] testify, when [I] wanted to, [that I] had no agreement with the other defendants.” R. Vol. I, Doc. 1 at 8. As support, he notes that his lawyer told the jury in his opening statement that Duran-Salazar would testify on his own behalf, but instead he rested the case without calling him to the stand. He further argues that in light of the difficulty the jury had in reaching a verdict, his testimony that he did not know the other defendants and was entering the United States to look for work, could have made a difference. Indeed, on three occasions the jury informed the district court that it could not reach a unanimous verdict on all of the charges and the court eventually gave the jury an Allen charge.[3]
It may be that Duran-Salazar cannot ultimately prevail; however, the allegations in his motion coupled with the difficulty the jury had in reaching a verdict are sufficient to entitle him to a hearing. “A defendant’s testimony could be crucial in any trial[.]” Owens v. United States, 483 F.3d 48, 59 (1st Cir.2007). But rather than guess at the impact his testimony might have had (assuming he was prevented from testifying), “it is better that it be resolved after an evidentiary hearing[.]” Id. at 60.
The dissent argues that no evidentiary hearing was needed because Mr. Duran-Salazar’s story is “wholly incredible” in light of the government’s evidence. We note first that this was not the basis on which the district court denied the motion. The district court found that Mr. Duran-Salazar’s testimony would not have made a difference because the “substance” of that *212 testimony was “plainly before the jury” through counsel’s cross-examination of witnesses and the presentation of one witness. We believe this conclusion understates the potential impact on a jury, especially in a close case, of a defendant taking the stand in his own defense and giving his account of the events under oath, subject to cross-examination. That is why our precedents state a preference for an evidentiary hearing in such circumstances. See Owens, 483 F.3d at 60. We are hesitant to affirm on a fact-intensive alternative ground, on which the district court did not rely. The “wholly incredible” standard is a high hurdle for an appellate court to leap on the basis of a cold record. Without knowing more about the terrain in which the events of this case took place, the practices of illegals in crossing the border, or the relationships among the co-defendants, we lack the confidence to label as “wholly incredible” the notion that a group of illegals might band together for the purpose of crossing the border together, and might scatter upon confrontation with a border patrol, without necessarily being in cahoots for other purposes.
The judgment of the district court is REVERSED and the case is REMANDED for further proceedings consistent with this order and judgment.

 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties’ request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.

. The motion was referred to a magistrate judge whose recommendation was adopted by the district court.

. Duran-Salazar’s lawyer contradicted the contention that he prevented him from testifying at trial: “Duran Salazar ultimately decided at trial at the close of the government[’]s case that he would not testify.” R. Supp. Vol. I, Doc. 55 at 2.

. "[A]n Allen charge is essentially a supplemental instruction given to the jury and designed to encourage a divided jury to agree on a verdict.” United States v. Zabriskie, 415 F.3d 1139, 1147 (10th Cir.2005).