NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 29, 2009[*]
Decided July 30, 2009

**Before**

RICHARD A. POSNER, *Circuit Judge*

JOHN L. COFFEY, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 08-4110

| | |
|---|---|
| MERLIN COLEMAN,<br>    *Petitioner-Appellant,*<br><br>    *v.*<br><br>UNITED STATES OF AMERICA,<br>    *Respondent-Appellee.* | Appeal from the United States District<br>Court for the Northern District of Illinois,<br>Eastern Division.<br><br>No. 06 CV 6571<br><br>Elaine E. Bucklo,<br>*Judge*. |

**O R D E R**

Merlin Coleman was sentenced to a total of 240 months' imprisonment on his federal drug convictions, and we affirmed the judgment on direct appeal. *See United States v. Jenkins*, 419 F.3d 614 (7th Cir. 2005). Coleman then sought collateral relief, *see* 28 U.S.C.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

§ 2255, on the ground that trial counsel was ineffective.  The district court denied relief, and once again we affirm the judgment.

Coleman was charged by indictment with conspiracy to distribute crack and powder cocaine along with several substantive counts.  *See* 21 U.S.C. §§ 846, 841(a)(1).  The government alleged that the conspiracy involved at least 50 grams of crack and 5 kilograms of cocaine powder, either of which was enough to trigger a 10-year minimum prison term.  *See id*. § 841(b)(1)(A).  Coleman executed a plea agreement, but his plea colloquy ended abruptly when he refused to admit the drug amounts stipulated in the agreement.  After that hearing Coleman never again signaled to the district court a desire to plead guilty.  And by the time of trial the government had filed a notice of enhancement which doubled the minimum prison term based on Coleman's prior conviction for a drug felony.  *See* 21 U.S.C. §§ 841(a)(1), 851.  After a jury found him guilty, Coleman was sentenced to that higher minimum term.

Coleman moved to set aside his convictions claiming, among other things, ineffective assistance of counsel.  At an evidentiary hearing on his motion, Coleman testified that his trial counsel never warned him that the government could seek an enhanced sentence if he did not negotiate a guilty plea.  Coleman, though, had stated in the affidavit submitted with his motion that he originally intended to plead guilty precisely because he hoped to avoid an enhanced sentence under § 851.  Under cross-examination, Coleman maintained that he did not personally prepare the affidavit, and he disavowed it to the extent that in the document he concedes knowing about the potential for an enhanced sentence before his failed plea colloquy.  Coleman also testified that after that colloquy he believed that pleading guilty was no longer an option, and he insisted that trial counsel never explained otherwise.  The lawyer testified, however, that he explained the possibility of a § 851 enhancement before it was filed, and that he showed Coleman the notice and discussed its impact after it was filed.  Trial counsel also testified that he advised Coleman about pleading guilty and negotiated the plea agreement, which Coleman rejected, and that afterward he prepared for trial at Coleman's direction.

The district court denied Coleman's motion.  The court explained that the contradiction between Coleman's testimony and his affidavit undermined the credibility of his assertion that he was unaware that the § 851 enhancement could be, or was, filed.  The district court also thought it implausible that Coleman could have been unaware after the failed colloquy that he still could elect to plead guilty given that, at a later pretrial hearing, the court had asked Coleman directly whether he anticipated pleading guilty.  Yet despite rejecting the factual premise of Coleman's ineffective-assistance claim, the district court certified that claim for appeal.

In this court, Coleman proceeds as if the district court had not made adverse factual findings. He principally renews his contention that his trial lawyer should have, but never did, tell him after the failed plea colloquy that he might avoid a longer mandatory prison term by resuming efforts to reach a plea agreement. Coleman again asserts that counsel never advised him about the possibility of a § 851 filing, and that this omission led him to reject the plea agreement and proceed to trial. He claims he was subjected to a longer prison term on account of counsel's deficient advice.

A lawyer in a criminal case renders ineffective assistance if his performance is deficient and prejudices the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Nunez v. United States*, 546 F.3d 450, 453 (7th Cir. 2008). In the context of failed plea negotiations, a defendant who faults his lawyer for the breakdown must establish a reasonable probability that, if not for counsel's deficient advice, he would have accepted a plea offer. *Julian v. Bartley*, 495 F.3d 487, 498 (7th Cir. 2007); *Gallo-Vasquez v. United States*, 402 F.3d 793, 798 (7th Cir. 2005); *Toro v. Fairman*, 940 F.2d 1065, 1068 (7th Cir. 1991). Counsel's performance might also be deficient if he advises a defendant to reject a plea bargain in the face of overwhelming evidence of guilt and a lack of viable defenses. *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007).

The district court believed trial counsel rather than Coleman, and since we are not persuaded that the court's credibility determination is clearly erroneous, Coleman's ineffective-assistance claim is without merit. Rather than counsel's purported lack of advice being the "decisive factor" in Coleman's decision to reject the government's plea proposal, *see Watson v. Anglin*, 560 F.3d 687, 691 (7th Cir. 2009), it was Coleman's own unwillingness to stipulate to the drug amounts in the agreement that caused him to back out. He admitted as much during the evidentiary hearing on his § 2255 motion. As the district court found, Coleman knew before his aborted change-of-plea hearing that he faced the possibility that his minimum prison term could be increased by the filing of a § 851 notice; trial counsel had discussed that possibility with Coleman while he was negotiating the plea agreement and again after Coleman rejected the government's offer. As a factual matter, then, counsel's performance was not deficient. Moreover, Coleman could show no prejudice from any purported lack of advice because the decision to file the notice was the government's alone, and once Coleman backed out of the plea agreement, his counsel's advice or lack of advice could not have stopped the government from exercising its discretion to increase his minimum prison term. *See United States v. LaBonte*, 520 U.S. 751, 762 (1997) (noting that the decision whether to file a notice under § 851 is "an integral feature of the criminal justice system, and is appropriate, so long as it is not based upon

improper factors"); *United States v. Smith*, 502 F.3d 680, 690-91 (7th Cir. 2007), *cert. denied*, 128 S. Ct. 1270 (2008).

Coleman raises a number of other issues for the first time in his appellate brief, but arguments not presented in the district court are waived. *Hicks v. Midwest Transit, Inc.*, 500 F.3d 647, 652 (7th Cir. 2007).

**AFFIRMED**.