FILED
United States Court of Appeals
Tenth Circuit

April 15, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

    v.

PAMELA RAYE HOWELL, a/k/a/
Pamela Raye Morgan,

        Defendant-Appellant.

No. 09-7110

(D.C. No. 08-CV-00238-RAW)

(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

Defendant, a pro se federal prisoner, seeks a certificate of appealability to appeal the district court's denial of her § 2255 habeas petition, which raised various grounds of ineffective assistance of counsel. In her application for a certificate of appealability, Defendant argues that she made a sufficient showing of ineffective assistance and prejudice to at least receive an evidentiary hearing on her claims.

After thoroughly reviewing the record and Defendant's filings on appeal, we conclude that reasonable jurists would debate whether the district court erred

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

in denying the habeas petition without first holding an evidentiary hearing. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We therefore grant Defendant a certificate of appealability to appeal the district court's denial of her request for an evidentiary hearing. *See id.* Having done so, we "review the district court's refusal to hold an evidentiary hearing for an abuse of discretion." *United States v. Harms*, 371 F.3d 1208, 1210 (10th Cir. 2004). "Because an error of law is, by definition, an abuse of discretion, any error of law in dismissing [the] motion for an evidentiary hearing would constitute an abuse of discretion." *United States v. Duran-Salazar*, 307 F. App'x 209, 211 (10th Cir. 2009) (quoting *Almonacid v. United States*, 476 F.3d 518, 520-21 (7th Cir. 2007)) (alteration in original).

Following a jury trial, Defendant was convicted on three drug counts and a related firearm count, while she was acquitted on a second firearm count. The acquitted count and two of the counts of conviction—the firearm count and a charge of attempting to manufacture methamphetamine—stemmed from police officers' discovery of several firearms and numerous items associated with the manufacture of meth in a mobile home and adjacent travel trailer. While there was strong evidence that someone had possessed firearms and attempted to manufacture meth at that location, the evidence linking Defendant to the location was somewhat tenuous. Indeed, the trial court noted it was "troubled about how close it is on" these counts, although the court ultimately concluded—"though not without some discomfiture"—that there was sufficient evidence to withstand

Defendant's Rule 29 motion for a judgment of acquittal. (Supplemental R. at 434.)

After reviewing the record, we conclude the allegations in Defendant's habeas petition and the sworn affidavits she attached in support were sufficient to entitle her to an evidentiary hearing on her ineffective assistance claims. Most of the claims Defendant raised appear sufficient, if true, to satisfy the first prong of *Strickland*, *see Strickland v. Washington*, 466 U.S. 668, 687 (1984),[1] and they are not conclusively refuted by the record, *see* 28 U.S.C. § 2255(b). In light of the closeness of the case and the substantiality of Defendant's sworn allegations, we conclude it was an abuse of discretion for the district court to deny Defendant's request for an evidentiary hearing. *See United States v. Barboa*, 777 F.2d 1420, 1422-23 (10th Cir. 1985); *Duran-Salazar*, 307 F. App'x at 211. We note the district court applied an incorrect legal standard in denying Defendant's request for an evidentiary hearing as to one of her allegations, reasoning that "[n]othing in the trial record . . . supports [Defendant's] assertion that counsel prevented her from testifying" (Order at 6), rather than correctly considering whether anything in the record conclusively refuted this assertion. *See* 28 U.S.C. § 2255(b) (providing that a district court shall grant an evidentiary hearing "[u]nless the

---

[1] We agree with the district court that counsel did not provide ineffective assistance by failing to seek suppression of evidence discovered in an allegedly pretextual traffic stop. *See Whren v. United States*, 517 U.S. 806, 813-14 (1996).

motion and the files and records of the case conclusively show that the prisoner is entitled to no relief"); *Machibroda v. United States*, 368 U.S. 487, 494-95 (1962) (indicating a district court is not free to disregard a material allegation upon which the record can cast no light).  As for the other alleged grounds of ineffective assistance, the district court denied relief based on its conclusion that Defendant had not sufficiently demonstrated prejudice due to counsel's alleged ineffectiveness.  Given the closeness of the case, however, we conclude the question of prejudice as to these claims is better left for consideration following an evidentiary hearing.  *See Duran-Salazar*, 307 F. App'x at 211.

We therefore **GRANT** Defendant's request for a certificate of appealability and **REVERSE** and **REMAND** for an evidentiary hearing on Defendant's claims of ineffective assistance.

Entered for the Court


Monroe G. McKay
Circuit Judge
