FILED

**United States Court of Appeals**
**Tenth Circuit**

**June 22, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENK CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

PAMELA RAYE HOWELL,

Defendant-Appellant.

No. 09-7110
(Case Nos. 08-CV-00238-RAW and
04-CR-00091-RAW-1)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

On April 16, 2010, we granted Appellant's request for a certificate of

appealability to appeal the district court's denial of her request for an evidentiary

hearing, and we ordered briefing from the parties on this issue. We now consider

the merits of this issue, "review[ing] the district court's refusal to hold an

evidentiary hearing for an abuse of discretion." *United States v. Harms*, 371 F.3d

1208, 1210 (10th Cir. 2004). "Because an error of law is, by definition, an abuse

of discretion, any error of law in dismissing [the] motion for an evidentiary

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

hearing would constitute an abuse of discretion." *United States v. Duran-Salazar*, 307 F. App'x 209, 211 (10th Cir. 2009) (quoting *Almonacid v. United States*, 476 F.3d 518, 520-21 (7th Cir. 2007)) (alteration in original).

After reviewing the record and the parties' briefs, we conclude the allegations in Appellant's habeas petition and the sworn affidavits she attached in support were sufficient to entitle her to an evidentiary hearing on her ineffective assistance claims. Most of the claims Appellant raised appear sufficient, if true, to satisfy the first prong of *Strickland*, *see Strickland v. Washington*, 466 U.S. 668, 687 (1984),[1] and they are not conclusively refuted by the record, *see* 28 U.S.C. § 2255(b). In light of the closeness of the case[2] and the substantiality of Appellant's sworn allegations, we conclude it was an abuse of discretion for the district court to deny Appellant's request for an evidentiary hearing. *See United States v. Barboa*, 777 F.2d 1420, 1422-23 (10th Cir. 1985); *Duran-Salazar*, 307 F. App'x at 211. We therefore **REVERSE** and **REMAND** for an evidentiary

---

[1] We agree with the district court that counsel did not provide ineffective assistance by failing to seek suppression of evidence discovered in an allegedly pretextual traffic stop. *See Whren v. United States*, 517 U.S. 806, 813-14 (1996).

[2] We note in particular that two of the counts on which Appellant was convicted were based on strong evidence someone had possessed firearms and attempted to manufacture meth at a particular location, but only tenuous evidence linking Appellant to this location. Indeed, the trial court noted it was "troubled about how close it is on" these counts, although the court ultimately concluded—"though not without some discomfiture"—there was sufficient evidence to withstand Appellant's Rule 29 motion for a judgment of acquittal. (Supplemental R. at 434.)

hearing on Appellant's claims of ineffective assistance.

Entered for the Court


Monroe G. McKay
Circuit Judge