IN THE SUPREME COURT OF THE STATE OF NEVADA

MARIO ALBERTO HERRADA-
GONZALEZ, A/K/A MARIO ALBERTO
HERRADA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 77840

FILED

APR 16 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge. Appellant Mario Alberto Herrada-Gonzalez argues that he received ineffective assistance of trial counsel. The district court held an evidentiary hearing and denied the petition. We affirm.

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness and that prejudice resulted in that there was a reasonable probability of a different outcome absent counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). The petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004), and both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697. For purposes of the deficiency prong, counsel

20-14578

is strongly presumed to have provided adequate assistance and exercised reasonable professional judgment in all significant decisions. *Id.* at 690. We defer to the district court's factual findings that are supported by substantial evidence and not clearly wrong but review its application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

Herrada-Gonzalez argues that counsel should not have advised him to reject a favorable pretrial plea offer. The district court found that Herrada-Gonzalez did not allege the terms of the rejected plea offer or show that he rejected the plea offer based on counsel's advice. Those findings are clearly wrong. The supplemental habeas petition identified the terms of the rejected plea offer, and Herrada-Gonzalez testified at the evidentiary hearing about the terms of the plea offer and that he rejected it upon trial counsel's advice. Substantial evidence does, however, support the district court's finding that counsel's advice was not objectively unreasonable, as the offer included a lengthy sentence and the evidence against Herrada-Gonzalez was not overwhelming, could be contested at trial, and was consistent with counsel's belief that Herrada-Gonzalez would likely face a comparable sentence if convicted at trial. *See Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007) ("When counsel advises the defendant to reject a plea offer, his performance is not objectively unreasonable unless such advice is made in the face of overwhelming evidence of guilt and an absence of viable defenses." (internal quotation marks omitted)). The district court therefore reached the correct result in denying this claim.

Herrada-Gonzalez also argues that counsel should have requested a special verdict form directing the jurors to indicate whether

SUPREME COURT
OF
NEVADA

(O) 1947A

2

they found him guilty of first-degree murder based on each of the three theories alleged by the State—felony murder, lying in wait, and premeditation and deliberation. He argues that he was prejudiced by counsel's omission in this respect because the jury might have found him guilty based solely on the felony-murder theory such that this court would have been forced to reverse the first-degree murder conviction on direct appeal based on our conclusion in that appeal that the State presented insufficient evidence to support the predicate robbery. *See Herrada-Gonzalez v. State*, Docket No. 57582 (Order Affirming in Part and Reversing in Part, February 10, 2014). We disagree. Herrada-Gonzalez cannot show prejudice because, consistent with this court's decision on direct appeal that the State presented sufficient evidence of his guilt under the lying-in-wait theory, there is no reasonable probability that the jury would have indicated on a special verdict form that it found him guilty based solely on the felony-murder theory. *See Griffin v. United States*, 502 U.S. 46, 59-60 (1991) ("It is one thing to negate a verdict that, while supported by evidence, may have been based on an erroneous view of the law; it is another to do so merely on the chance—remote, it seems to us—that the jury convicted on a ground that was not supported by adequate evidence when there existed alternative grounds for which the evidence was sufficient." (internal quotation marks omitted)); *Strickland*, 466 U.S. at 694 ("A reasonable probability is a probability sufficient to undermine confidence in the outcome."). Although we disagree with the district court's conclusion that Herrada-Gonzalez's claim was not adequately pleaded, we conclude that the court nevertheless reached the correct result in denying this claim.

Having considered Herrada-Gonzalez's claims and concluded that they do not warrant relief, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

cc:   Hon. Douglas W. Herndon, District Judge
      Gaffney Law
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk